PALMER ET AL. *v.* STATE OF OHIO.

ERROR TO THE SUPREME COURT OF THE STATE OF OHIO.

No. 260.  Motion to affirm submitted October 28, 1918.—Decided No-
vember 18, 1918.

The right of individuals to sue a State depends entirely on the consent
    of that State.
Whether an amendment of the Ohio constitution (Art. I, § 16, as
    amended 1912) gives such consent directly or requires legislation to
    put it into effect, *held* a question of local law, in no sense involving
    rights under the due process clause of the Fourteenth Amendment
    of individuals suing the State for damage to property.

The Fifth Amendment relates to federal action only.

Upon error to a state court, this court, finding no substantial federal question, will dismiss, *sua sponte*, denying a motion to affirm.

Writ of error to review 96 Ohio St. 513, dismissed.

THE case is stated in the opinion.

*Mr. Clarence D. Laylin* and *Mr. Frank Davis, Jr.*, for defendant in error, submitted the motion. *Mr. Joseph McGhee*, Attorney General of the State of Ohio, was also on the brief.

*Mr. I. F. Raudabaugh* and *Mr. John G. Romer*, for plaintiffs in error, in opposition to the motion.

MR. JUSTICE CLARKE delivered the opinion of the court.

The plaintiffs in error sued the State of Ohio for damages for flooding lands by elevating the spillway of a state-maintained dam. The Supreme Court of the State affirmed the action of the lower courts in dismissing the petition on the ground that the State had not consented so to be sued, and we are asked to review this decision.

The plaintiffs in error agree, as they must, that their suit cannot be maintained without the consent of the State, but they claim that such consent was given in an amendment to § 16 of Article I of the state constitution, adopted in 1912, which reads:

"*Suits may be brought against the State, in such courts and in such manner, as may be provided by law.*"

The State Supreme Court held that this amendment is not self-executing, and that the General Assembly of the State having failed to designate the courts and the manner in which such suits might be brought, effective consent to sue had not been given. This decision, the plaintiffs in error claim, vaguely and indefinitely, somehow deprives them of their property without due process of law, in

violation of the Fourteenth Amendment to the Constitution of the United States.

The right of individuals to sue a State, in either a federal or a state court, cannot be derived from the Constitution or laws of the United States. It can come only from the consent of the State. *Beers* v. *Arkansas*, 20 How. 527; *Railroad Company* v. *Tennessee*, 101 U. S. 337; *Hans* v. *Louisiana*, 134 U. S. 1. Whether Ohio gave the required consent must be determined by the construction to be given to the constitutional amendment quoted, and this is a question of local state law, as to which the decision of the State Supreme Court is controlling with this court, no federal right being involved. *Elmendorf* v. *Taylor*, 10 Wheat. 152, 159; *Old Colony Trust Co.* v. *Omaha*, 230 U. S. 100, 116; *Memphis Street Ry. Co.* v. *Moore*, 243 U. S. 299, 301.

The further claim that the plaintiffs in error are deprived of their property without compensation in violation of the Fifth Amendment to the Constitution of the United States, is palpably groundless. *Barron* v. *Baltimore*, 7 Pet. 243, 250; *Brown* v. *New Jersey*, 175 U. S. 172, 174.

No federal question being presented by the record, the motion to affirm is denied and this court, *sua sponte*, dismisses the writ of error for want of jurisdiction.

*Dismissed.*