# ORR *v.* ALLEN ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF OHIO.

No. 288.   Submitted October 14, 1918.—Decided December 9, 1918.

The "Conservancy Act of Ohio," designed to prevent floods, and authorizing creation of drainage districts, and drainage improvements through administrative boards empowered to exert eminent domain, and to tax, assess for benefits, and issue bonds, affords full opportunity for testing private grievances judicially, and, as correctly construed by the court below, is consistent with the state and federal constitutions.

245 Fed. Rep. 486, affirmed.

THE case is stated in the opinion.

*Mr. Robert J. Smith* for appellant.

*Mr. Oren Britt Brown* for appellees.   *Mr. John A. McMahon* was also on the brief.

Memorandum opinion by THE CHIEF JUSTICE.

The "Conservancy Act of Ohio" is the name given the statute by its first section.   Its seventy-nine sections are thus epitomized in the title: "To prevent floods, to protect cities, villages, farms and highways from inundation, and to authorize the organization of drainage and conservation districts."   Ohio Gen. Code, §§ 6828–1 to 6828–79; Laws of Ohio, vol. 104, p. 13.   The statute was admittedly designed to prevent the recurrence of the unprecedented and disastrous flood which invaded the Miami Valley in 1913.   Briefly, there was provision for drainage districts, for boards to plan, construct and maintain the works contemplated, with the right to

exert eminent domain, and to raise money by taxation, by assessments for benefits, and, in some cases, by issue of bonds. Every person affected who was aggrieved was undoubtedly given ample means by the statute to test judicially his grievance.

A district was organized embracing land along each side of the Miami River which had been flooded in 1913 or which was required for reservoir sites or for furnishing material.

The appellant, a citizen of California owning property within this district, filed his bill to enjoin the enforcement of the statute on the ground that it was repugnant to both the constitution of the State and that of the United States. The court, organized under § 266 of the Judicial Code, in a careful and clear opinion disposed adversely of every proposition upon which the contention was based. The injunction was refused. This direct appeal was taken.

All the contentions rest upon one or the other or both of two propositions; (1) That the statute is unconstitutional because of some particular provision relied upon; and (2) because of the inherent want of constitutional authority by Government to exert the powers which the statute gave. The first assumes that the statute has a significance which the Supreme Court of Ohio has expressly decided it has not, and, in addition, that the constitution of the State forbids the exertion of a legislative power which the same court has expressly held the legislature possessed. The second disregards a line of conclusive decisions of this court which leave nothing open for controversy, or, which is tantamount thereto, separates expressions in opinions of this court from their context in order to give to them a meaning which the opinions do not sanction and which it has been repeatedly declared would be inconsistent with the decided cases.

Thus concluding, we think nothing is required to dis-

pose of the controversy but to cite the two lines of cases referred to. (1) *Snyder* v. *Deeds*, 91 Ohio St. 407; *Miami County* v. *Dayton*, 92 Ohio St. 215; *County Commissioners* v. *Gates*, 83 Ohio St. 19, 34; *State ex rel. Franklin County Conservancy District* v. *Valentine*, 94 Ohio St. 440; (2) *Houck* v. *Little River Drainage District*, 239 U. S. 254, 262, and cases cited.

*Affirmed.*