13534

SANTEE RIVER CYPRESS LUMBER CO. v. QUERY *ET AL.*

(167 S. E., 22)

*Mr. M. W. Seabrook,* for appellant,

*Messrs. J. M. Daniel, Attorney General,* and *J. Fraser Lyon, Assistant Attorney General,* for respondent,

December 8, 1932.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The facts of this cause, agreed upon by counsel, are set forth in the opinion of Mr. Justice Carter. It is not necessary to repeat here the whole statement. In brief, the differences between the parties arise out of their respective constructions of Act No. 574 of 1928 (35 St. at Large, 1089; Sections 2521–2554, 1932 Code), as those statutes pertain to the documentary tax directed to be levied, collected, and paid for the support of the State government.

The members of the Tax Commission, defendants in the cause, who are respondents here, have been claiming that the plaintiff, who is the appellant, should pay a certain documentary tax, and have made efforts to collect the same. The appellant contends that the tax demanded is illegal, and it procured from his Honor, Circuit Judge Townsend, an order restraining the respondents from attempting to collect the tax during the pendency of this action. On motion of the respondents, Judge Townsend dissolved the injunction he

first granted, on the ground that the plaintiff had an adequate remedy at law, and there was no necessity for injunctive relief.

It is not only within the power of a Court of equity, but the duty rests upon it, to enjoin the collection of an illegal tax in those cases where no adequate legal remedy is provided for the aggrieved taxpayer. *Ware Shoals Manufacturing Co. v. Jones,* 78 S. C., 211, 58 S. E., 811.

It is conceded by the respondents that the appellant has no legal remedy for the recovery by it of the tax sought to be collected by the respondents, if paid by the appellant under protest, unless the right is given in Section 29 of Act No. 574 of 1928 (Section 2548, Code of 1932). So the only legislative enactment to be considered, pertaining to the issue here, is found in the section mentioned.

The identical question presented to this Court was considered and passed upon by United States Circuit Judges Parker and Northcott and District Judge Cochran, composing a three-Judge Court, in the case of *Graniteville Manufacturing Co. v. Query et al.,* in the District Court of the Eastern District of South Carolina, 44 F. (2d), 64, 67. That Court decided in favor of the position of the appellant that the statute under consideration did not give the taxpayer "adequate remedy at law to recover any of these stamp taxes on documents."

In the decision of the three-Judge Court, the whole of Section 29 of the 1928 Act was set out. The proviso to that section seems to us to be only necessary for consideration, and that is in this language:

"*Provided,* That the collection of the *license taxes* imposed under the provisions of this Act shall not be stayed or prevented by any injunction, writ or order issued by any Court or Judge thereon. In all cases in which any *license or tax* is required to be paid hereunder by any person, firm or corporation and the Tax Commission shall claim the payment of the taxes so assessed, or shall take any step or pro-

ceedings to collect the same, the person, firm or corporation *against whom such license taxes are charged,* or against whom such step or proceedings shall be taken, shall, if he conceives the same to be unjust or illegal for any reason, pay the *said taxes* notwithstanding, under protest, in such funds and monies as the South Carolina Tax Commission shall be authorized to receive, and upon such payment being made said South Carolina Tax Commission shall make proper note that the same was paid under protest and notify the State Treasurer that *such taxes* were paid under protest; that the person, firm or corporation *so paying said license taxes may at any time within thirty (30) days after making such payment,* but not afterwards, bring an action against the said South Carolina Tax Commission for the recovery thereof in any Court of competent jurisdiction and/or in proper cases in the Federal Courts and if it be determined in said action that such taxes were wrongfully and illegally collected for any reason owing to the merits, then the Court before which the case is tried shall certify of record that the same were wrongfully collected and ordered to be returned with interest thereon at the rate of four (4%) per centum per annum. Whereupon the Tax Commission shall issue its warrant upon the State Treasurer for refunding the taxes and interest so paid, which shall be paid in preference to other claims against the treasury."

Touching the question if the language of the enactment gave the taxpayer an adequate remedy at law to recover taxes paid by it, the Court had this to say:

"From the portions of this section which we have italicized, it appears clear that the remedy provided is only for the recovery of license taxes. It is true that in one place the language used is 'license or tax'; but when the whole section is read, it will be seen that only license taxes may be paid under protest and recovered, and the expression 'license or tax' is either an inadvertence or else the words 'license or tax' were used as synonymous. In any event, those words

must be construed in harmony with the remaining portions of the section, which speak only of 'license taxes.'

"The tax in question, by the terms of the Act, is not a license tax, but a documentary tax. It is unnecessary to enter into any complete analysis or discussion of the Act; but a careful reading of it discloses that the first class of taxes levied are documentary taxes, expressly so declared by the terms of the Act, levied directly on the documents themselves; and a number of other taxes which are levied are expressly denominated 'license taxes' for the privilege of carrying on certain lines of business. The first part of the Act deals solely with taxes on documents. The remaining part of the Act deals with taxes on certain lines of business and sales and all of the taxes imposed thereon are expressly declared by the Act itself to be license taxes. The Act clearly contemplates two classes of taxes; one class which it denominates 'documentary' taxes, and another class which it denominates 'license' taxes. It is perfectly apparent that the provision in Section 29 to permit the taxpayer to pay under protest and recover refers only to the license taxes mentioned in the Act, and not to the documentary taxes."

The stamp taxes involved in the Graniteville Manufacturing Company case were of two classes, one relating to notes executed in Augusta, Ga., and mailed there to banks outside of South Carolina, and the other to notes executed at Graniteville, this state, and mailed to banks outside of South Carolina. The three-Judge Court held the taxes as to the notes executed in Augusta, sought to be collected by the South Carolina Tax Commission, were invalid, but the taxes claimed on the notes executed in Graniteville were legal.

Because of the unfavorable decision as to the taxes on notes executed at Granitevile, the Graniteville Manufacturing Company appealed the case to the Supreme Court of the United States. There was no appeal on the part of the South Carolina Tax Commission from the two rulings of

the three-Judge Court unfavorable to its positions, the first of which was that the plaintiff had an adequate remedy at law, and the second relating to the taxes on notes executed in Augusta, Ga. It seems apparent, therefore, that the South Carolina Tax Commission did not further question in the case the holding of the three-judge Court that the Act of 1928 did not give the plaintiff such adequate remedy at law as to deny to it the right of injunctive relief.

On the only question presented to the United States Supreme Court by the Graniteville Manufacturing Company, the judgment of the three-Judge Court was affirmed. See *Graniteville Manufacturing Company, v. Query et al.,* 283 U. S., 376; 51 S. Ct., 515; 75 L. Ed., 1126.

It is quite true, as argued by counsel for the respondents, that this Court is the proper tribunal to give final and authoritative interpretation of the quoted provisions of the Statute. We are not bound by the construction placed upon the Statute by any Federal Court, and the Federal Courts should adopt and follow our construction. *LaTourette v. McMaster,* 248 U. S., 465; 39 S. Ct., 160; 63 L. Ed., 362; *State of New York ex rel. N. Y. & Q. Gas Co. v. McCall,* 245 U. S., 345; 38 S. Ct., 122; 62 L. Ed., 337; *Palmer v. Ohio,* 248 U. S., 32; 39 S. Ct., 16; 63 L. Ed., 108; *Orr v. Allen,* 248 U. S., 35; 39 S. Ct., 23; 63 L. Ed., 109. Nevertheless, we are constrained to follow the holding of the three-Judge Court, for the reasoning, upon which its conclusion was based, seems to us to be entirely logical.

Other reasons impel us to agree to the conclusion adverse to the contention of the South Carolina Tax Commission. The decision of the three-Judge Court was rendered on October 17, 1930, and its importance must have been apparent to the officials of this State. The General Assembly has met in two annual sessions since that time. We must assume that it had knowledge of the holding of that Court. If our lawmaking body desired and intended to give an ade-

quate remedy at law for the recovery of illegal documentary taxes paid under protest by a taxpayer, and wished to prevent a Court of Equity from exercising its power of injunction as to the collection of such taxes, very quickly, easily, and simply, the General Assembly could have amended the provisions of the Act of 1928 to carry out fully its intention. Its failure to amend in any respect Section 29 of the Act of 1928 (Code 1932, § 2548) seems to us to be evidence of the legislative intent to permit an aggrieved taxpayer to seek redress in the Courts of Equity.

It is truly said by respondents' counsel that in recent years it has been the policy of the State to provide a legal remedy in controversies over tax matters, so as to prevent the revenues of the State from being tied up in the Courts by injunction, and, as indicative of this policy, various tax Acts, such as those relating to income taxes, inheritance taxes, the electric power taxes, the chain store taxes have all carried provisions giving an adequate remedy at law for the recovery of such taxes paid under protest. But the evidences of this general policy pointed out, do not, we think, cure the defect in the Act of 1928 as to documentary taxes. On the contrary, it may be well said that the caution of the Legislature in providing an adequate remedy at law for the recovery of protested taxes in the Acts mentioned, some of which were passed prior to 1928, and the failure to insert plainly such provision as to the documentary taxes of the 1928 Act, is strong evidence of the legislative intent to leave out a similar provision in the last-mentioned Act. This evidence is considerably strengthened because of the legislative failure to amend the Act of 1928, under question here, after the decision of the three-Judge Court.

Respondents' counsel concede that Section 29 of Act No. 574 of 1928 "might have been more clearly and distinctly drawn." The law is clear that the General Assembly must provide a plain and adequate remedy at law for the relief of an aggrieved taxpayer before the courts of equity will be

denied the right to give him the relief he seeks. If a taxpayer mistakes his remedy because the law is not clearly expressed, fails to seek injunctive relief, pays the taxes, and later attempts to recover in a Court of Law, only to find that the method he has pursued is wrong, then he is in the unfortunate position of being deprived of the right to question the legality of the tax paid by him. This situation, of course, should not be permitted.

The only question before this Court is the right of the plaintiff-appellant to an injunction until the case is determined on the merits. Let it, therefore, be distinctly understood that we are not passing on the merits of the appellant's claim that the taxes sought to be collected from it are illegal. We only hold that the respondents should be enjoined from the collection of that tax until the merits have been determined by the courts.

This opinion was first prepared as a dissent to the opinion of Mr. Justice Carter. A majority of the Court, as constituted, having agreed therewith, it becomes the leading opinion. The judgment of this Court, therefore, is that the order dissolving the injunction be, and the same is hereby, reversed and the case remanded to the lower Court for a determination on the merits.

MESSRS. JUSTICES STABLER and GRIMBALL concur.

MR. JUSTICE CARTER (dissenting) : As a statement of this case we adopt the agreed statement of counsel for the respective litigants:

"This action was commenced on February 2, 1932, by due service upon the defendants of a summons in the proper form, a duly verified complaint and of an Order of his Honor, Judge W. H. Townsend, dated February 2, 1932, requiring the defendants to show cause why they should not be enjoined and restrained during the pendency of this action from doing the acts and things complained of in the complaint; and, in the meantime, and until the further order of that Court, so enjoining and restraining them.

"The complaint alleges, in substance, that on August 8, 1924, plaintiff executed lease, which was as of that date duly recorded; that, there being no documentary stamps affixed thereto, the defendants have, since January 18, 1930, been demanding that plaintiff affix South Carolina documentary stamps, assessing the amount thereof against the plaintiff, which it has not paid; because there was no law of South Carolina in effect at the time of the execution, delivery, or recordation of said document which imposed such a tax upon a document such as that one, and no law has since been passed which may be thus retroactively applied; because the tax commission erred in holding that the part of the lease which expressed a given rental consideration was subject to said tax, although conceding that the portion thereof that related to timber that was to be cut at $5 per thousand feet was not taxable; and in not holding that no part of the said document was subject to said tax; and because the imposition of this alleged tax is an attempt to deprive the plaintiff of its property without due proces of law, in violation of both the State and Federal Constitutions. The complaint goes on to allege the threat of the commission to require plaintiff to pay said assessment, and to issue execution against the property of plaintiff therefor; and that the plaintiff has no adequate remedy at law and will suffer irreparable injury if forced to pay said alleged tax; for there is no way said money, once paid, may be recovered; and the prayer is for injunction and other relief. No answer has been served. The issue arises upon a notice of a motion duly served by defendants to dissolve the injunction granted February 2, 1932, and to dismiss upon the grounds that a Court of equity is without jurisdiction to entertain this suit, and that plaintiff has an adequate remedy at law. The motion was heard by his Honor, Judge Townsend, at chambers in Columbia on February 6, 1932, at which time he sustained the motion; and the appeal comes from his order of that date. Due notice of intention to appeal was served

by the appellant, also posting bond in accordance with the terms of the said order."

So much of the order issued by Judge Townsend pertinent to the questions involved in the appeal is as follows:

"On hearing the foregoing motion, I hold that the remedy provided for the recovery of taxes paid under protest in Section 29 of the Act No. 74 of 1928 [Code 1932, § 2548], is to be liberally construed in favor of the tax payer, so as to allow a recovery of documentary taxes paid under protest; and hence, there is no necessity for injunctive relief.

"It is therefore ordered that the complaint be dismissed, and the rule to show cause and restraining order of February 2nd dissolved."

In our opinion Judge Townsend reached the proper conclusion in the case. Therefore, the exceptions should be overruled and the order appealed from affirmed.

MR. JUSTICE BONHAM concurs.

MR. JUSTICE BONHAM (concurring) :

The order of the Circuit Judge dismissing the petition for the injunctive relief sought does no more than hold that "the remedy provided for the recovery of taxes paid under protest in Section 29 of Act No. 574 of 1928 [Code 1932, § 2548] is to be liberally construed in favor of the taxpayer so as to allow the recovery of documentary taxes paid under protest."

The opinion of MR. JUSTICE CARTER, proposing to affirm the order of the Circuit Court does not discuss the issues, but expresses satisfaction with the conclusion of the lower Court.

The amount involved in this action is small, but the principle involved is one of far-reaching interest. It would seem, then, to be desirable that the issues be stated, and reasons for the conclusion of the Court be set out.

The issue made by the sole exception is that the holding of the Circuit Court is erroneous for that the remedy provided by the Act of 1928 "is only for the recovery of *license*

*taxes;* and since the tax in question is not a license tax, but a documentary tax, the Act * * * does not apply."

Or, stated in another way: The sole question herein is, has the appellant such adequate remedy at law as precludes his demand for equitable relief?

The claim for injunctive relief seems to be predicated upon a narrow and technical construction of a statute. No satisfactory reason is given why this course should be taken, to the manifest interference with the collection of this special class of taxes. It is stated in argument, and on denial thereof is attempted to be made, that there are now held up in the State from collection, by the injunctive processes of the Courts, several hundreds of thousands of dollars of taxes, to the serious detriment of the fiscal business of the State.

We are at a loss to understand how it will work more of a hardship upon the person who is called upon to pay a documentary tax to pay it under protest and sue to recover it, than it is to bring suit to enjoin its collection. On the other hand we readily see how the latter proceeding will seriously interfere with the orderly conduct of the State's business. It would seem then that the Act in question is entitled to the liberal construction given it by the Circuit Judge rather than the very contracted one sought by appellant.

The question herein arises upon the construction of the Act of the General Assembly of South Carolina approved March 10, 1928, Act. No. 574, 35 St. at Large, pp. 1089, 1140, 1141. The Act is one "to Raise revenue for the * * * state government." It provides for the levying and collecting of license taxes on many commodities therein named, and for documentary taxes, for taxes submitted on bids for contracts, and for individual contracts, etc. The issue now up for determination turns upon the proper construction of Section 29 of the Act, in order to decide whether the remedy therein provided for the recovery of license taxes applies as well to the recovery of documentary taxes.

The Act, and especially Section 29, has received consideration at the hands of a Court composed of three Federal Judges, in the case of *Graniteville Mfg. Co. v. Query et al.* (D. C.), 44 F. (2d), 64, 67, which case has been affirmed by the United States Supreme Court, in 283 U. S., 376, 51 S. Ct., 515, 75 L. Ed., 1126. The holding of that Court is that the remedy provided relates only to *license taxes,* and, since no remedy is provided for documentary taxes by action at law, the right of injunctive relief is applicable.

We have the highest respect for the persons and the opinions of the learned Jurists who composed this special Court. But, inasmuch as our interpretation of the statute does not coincide with theirs, we are not bound by it. It is not necessary to cite authorities to show that the Supreme Court of this State is the first and final authority for the interpretation of the statute laws of this State. And when such interpretation is given Federal Courts are bound by it.

So much of Section 29 (Code 1932, § 2548) as is necessary to the correct understanding of the matter in controversy is quoted:

"That the collection of the license taxes imposed under the provisions of said sections shall not be stayed or prevented by any injunction, writ or order, issued by any Court or judge thereon. In all cases in which *any license or tax* (italics added) is required to be paid hereunder by any person, firm or corporation, and the Tax Commission shall claim the payment of the taxes so assessed, or shall take any step or proceedings to collect the same, the person, firm or corporation against whom such license taxes are charged, or against whom such step or proceedings shall be taken, shall, if he conceives the same to be unjust or illegal for any reason, pay the said taxes notwithstanding, under protest. * * *

"That the person, firm or corporation so paying said license taxes may at any time within thirty (30) days after making such payment, but not afterwards, bring an action

against the said South Carolina Tax Commission for the recovery thereof," etc.

The learned Judge who wrote the opinion of the Federal Court says this: "From the portions of this section which we have italicized, it appears clear that the remedy provided is only for the recovery of license taxes. It is true, that in one place the language used is 'license or tax'; but when the whole section is read it will be seen that only license taxes may be paid under protest and recovered, and the expression 'license or tax' is either an inadvertence, or else the words 'license or tax' were used as synonymous."

We venture to argue that a more reasonable supposition is that the "inadvertence" to which the above allusion applies, consists in this: The writer of the section having, in his provision against the issuing of any process to stay the collection of taxes, "inadvertently" spoken of *license taxes* only, in the very next sentence remedied the "inadvertence" by saying: *"In all cases in which any license or tax is required to be paid,"* etc.

No one has suggested why the Legislature should purposely exclude the payers of documentary taxes from the benefit of the provision of the Act which permits the payment of other taxes under protest and their recovery by suit at law. Nor why the State should be hindered and delayed in collecting this particular class of taxes by injunction while enjoining the collection of every other class is prohibited.

Respondent's counsel in their brief suggest that Section 2846, Code Laws 1932, provides that the collection of property taxes shall not be stayed by injunction and provides a remedy at law for their recovery.

The Income Tax Act 1927 (Act Oct. 12, 1926, 35 St. at Large 22, § 32) provides that collection of this tax shall not be enjoined and provides a remedy at law, viz., payment under protest and action to recover.

The Inheritance Tax Law provides for appeal from the tax commission to this Court, thereby providing a remedy at law which forestalls injunctive relief.

The Electric Power Tax Act (Act May 9, 1931, 37 St. at Large, p. 357, § 4) provides for the payment of the tax under protest, and suit to recover a remedy at law.

The Chain Store Act (Act April 5, 1930, 36 St. at Large, p. 1384) is to the same effect.

The Act of 1928, now under review, relates to many classes of taxes, besides the documentary tax. The taxes on stocks, bonds, etc.; the taxes on various articles of merchandise; and it may be remarked that in the matter of tobacco in its various forms the payment of the license taxes must be evidenced by affixing stamps to the several packages or parcels. There are included in the Act taxes on places of amusement. Here, too, stamps, designated by the Act as "Documentary Stamps" must be affixed to the tickets. Then there are soft drink license taxes, and, in certain instances, stamps must be affixed to the bottles. There are license taxes for contractors, and chain stores. The Act itself, at times, refers to these license taxes simply as taxes.

Again it is asked what sound reason has been given or can be given for the conclusion that only the documentary taxes required to be placed on debentures, etc., are to be outlawed; to be deprived of the "benefit of clergy" allowed to every other class of taxes? It is against the settled policy of the State in such cases.

We may say that in our opinion the case of *Western Union Telegraph Company v. Query et al.*, 144 S. C., 250, 142 S. E., 509, is not controlling here. The question involved in this case was not properly before that Court, and the reference to it which appellant cites and relies upon its *obiter dictum*.

We think the interpretation which we give the Act of 1928 is fully within its terms and purview. Judge Town-

send was correct in saying that it fell within the liberal construction which he gave it. His order should be affirmed.