**DUNNUCK v. KANSAS STATE HIGHWAY COMMISSION.**

No. 4185.

District Court, First District Kansas.
Nov. 6, 1937.

A. D. Weiskirch, Jr., of Topeka, Kan., for plaintiff.

Lester M. Goodell, J. Glenn Logan, and Otho W. Lomax, all of Topeka, Kan., for defendant.

HOPKINS, District Judge.

The action is one to recover against the Kansas Highway Commission for personal injuries alleged to have resulted from a defective highway. The plaintiff, a citizen of Nebraska, alleges diversity of citizenship as the basis of jurisdiction. The matter comes on to be heard on a demurrer to the plaintiff's petition or a motion to dismiss.

For reasons of sound public policy, a state is exempted from being impleaded in the courts. 25 R.C.L. 412; Heman Construction Co. v. Board of Administration, 105 Kan. 291, 182 P. 386.

The Constitution of the United States renders the states further immune from suits in the United States courts. The Eleventh Amendment provides that the judicial power of the United States shall not extend to suits of individuals against states. See United States v. Texas, 143 U.S. 621, 631, 643, 12 S.Ct. 488, 36 L.Ed. 285.

This immunity of the states from actions brought by individual citizens may be waived, and so far as the Kansas State

Highway Commission is concerned has been waived to a limited extent. The act creating the commission provides it shall be a body corporate with power to sue and be sued. Laws Kan.1927, c. 255, as amended. It is further provided: "Action may be brought in the district court of the county in which such damage was sustained, or in the district court of the county of which the plaintiff is an actual resident at the time of the sustaining of such damage; and upon the filing of such action in such court a summons shall issue out of such court directed to the sheriff of Shawnee county, Kansas, for service." Laws Kan.1929, c. 225, § 23.

■ Statutes giving power to sue the state are in derogation of a sovereign power and are to be construed strictly. State v. Appleton, 73 Kan. 160, 164, 84 P. 753; Heman Construction Co. v. Board of Administration, supra.

■ Construing strictly the consent of the State of Kansas to suits against the state's highway commission and in view of the prohibitions of the federal constitution, it is apparent it was not intended thereby to so open the door to actions brought in the federal courts. The consent provides that actions may be brought in the district court of the county, and that summons shall issue directed to the sheriff of Shawnee county for service on the commission. The Supreme Court of Kansas in McCandliss Const. Co. v. Neosho County, 132 Kan. 651, 296 P. 720, considered suability of the commission and held "the state has given its consent to be sued in *its* courts." Also see Smith v. Reeves, 178 U.S. 436, 20 S.Ct. 919, 44 L.Ed. 1140; Beers v. Arkansas, 20 How. 527, 530, 15 L.Ed. 991.

■ Plaintiff contends that the commission, being a corporation invested with power to sue and be sued, is not clothed with the state's immunity in the first instance; that is, that this is not a suit against the state. But the state's immunity extends to its officers representing the state as the real party in interest and where judgment for the plaintiff would subject the state to liability. 25 R.C.L. 413. It has been said: "The state exercises the powers and duties of sovereignty, and neither it nor any of the agencies created by it for the discharge of governmental duties are liable to an action by a citizen for injuries arising from the failure to discharge such duties, unless the right of action is given by statute." Platt v. City of Newberg, 104

Or. 148, 205 P. 296, 298. Counties and such municipal corporations have been held not entitled to the immunity. Lincoln County v. Luning, 133 U.S. 529, 10 S.Ct. 363, 33 L.Ed. 766. But here the highway commission is merely the means by which the State of Kansas performs one of its most important governmental functions. By amendments of its Constitution in 1928, article 11, §§ 9, 10, the State of Kansas was vested with the power and the duty to construct and maintain a state system of highways and was authorized to levy special taxes on motor vehicles and motor fuel for this purpose alone. The state operates through the highway commission in carrying out this mandate.

■ But it is argued by the plaintiff that the commission by its general demurrer has entered an appearance in this court and thereby waived its immunity to suit herein. This argument is answered by the opinion of the Eighth Circuit Court of Appeals in O'Connor v. Slaker, 22 F.2d 147. It was there said:

"We find no statute, however, of Nebraska expressly consenting in terms that the state may be sued in the federal courts by a citizen of another state. A complexity arises, however, by reason of the appearance in the suit of the Attorney General of the state in behalf of the state. * * *

"Whether or not the appearance of the Attorney General for the state in this case amounts to a voluntary appearance by the state depends upon the authority of the Attorney General. Neither he nor any other state officer can waive the immunity of a state in the absence of a statute authorizing it to be done, and if his appearance for the state was in excess of the power vested in him by law it would not constitute a voluntary submission by the state to the jurisdiction of the court." 22 F.2d 147, at pages 151, 152.

In Palmer v. Ohio, 248 U.S. 32, 39 S.Ct. 16, 63 L.Ed. 108, it was held that right of an individual to sue a state in either state or federal court must come from the consent of the state through its laws or Constitution. We know of no law of Kansas empowering the attorneys for the commission to waive the state's immunity to suit in the federal courts. It follows that the state may not be sued herein.

■ There is another objection to the jurisdiction of this court. Plaintiff is a resident of Nebraska, and there is claimed

to be diversity of citizenship. In State Highway Comm. v. Utah Co., 278 U.S. 194, 49 S.Ct. 104, 73 L.Ed. 262, it was held: "The District Court can have no jurisdiction on the ground of diverse citizenship of a suit against a State."

I am of the opinion this court is without jurisdiction, and the action is therefore dismissed.

An appropriate order may be drawn allowing plaintiff his exceptions.