**BATON ROUGE CONTRACTING COM-
PANY, Inc., Plaintiff,**

v.

**WEST HATCHIE DRAINAGE DISTRICT
OF TIPPAH COUNTY, MISSIS-
SIPPI, Defendant.**

**No. WC6730.**

United States District Court
N. D. Mississippi, W. D.

Feb. 15, 1968.

Fred B. Smith, Ripley, Miss., for plaintiff.

McClure, Fant & McClure, Sardis, Miss., for defendant.

## MEMORANDUM OPINION

CLAYTON, Circuit Judge (sitting by designation).

This is an action to recover for work performed pursuant to a construction contract. The complaint alleges that the plaintiff is a Louisiana corporation with its principal office there, and the defendant is a drainage district "created and organized by a decree of the Chancery Court of Tippah County, Mississippi". The ad damnum here is for more than the jurisdictional amount, and diversity of citizenship, the basis for this court's jurisdiction, is not presently questioned.[1]

On September 29, 1967, the defendant filed a motion to dismiss alleging that "the defendant, being a subdivision of the State of Mississippi, is not subject to suit except as expressly permitted by the statutes of said state; and, under said statutes, the Chancery Court of Tippah County, Mississippi, has exclusive jurisdiction of suits against it". Briefs have been submitted on this motion, and it is now for disposition.

The defendant in support of its motion to dismiss contends that under state law a drainage district, as a political subdivision of the state, can only be sued in the chancery court of its organization. Supporting this contention, defendant relies in part upon Miss.Code Ann. § 4629, which provides:

> The chancery court organizing a drainage district shall have exclusive jurisdiction of all suits brought against such district * * *.

The defendant also relies on various pronouncements by the State Supreme Court that a drainage district is, in fact, a political subdivision of the state and, as such, is not suable except in the manner as is provided by state law.

Assuming, arguendo, that the defendant is correct in its conclusion of state law, the question then presented is whether the state, through its legislative enactments and judicial decisions, has the power to limit the diversity jurisdiction of this court by providing that the defendant here can only be sued in the Chancery Court of Tippah County, Mississippi. This court holds that the State of Mississippi does not have such power.

 As a general rule, in an action brought in the federal district court, questions relating to that court's jurisdiction are federal questions and are governed by federal—not state—law. 35A C.J.S. Federal Civil Procedure § 30, p. 72. One authority has noted that:

> Article 3 of the Constitution and the acts of Congress made pursuant thereto define the jurisdiction of federal courts. State statutes are irrelevant in this connection.

Wright, Federal Courts § 46, p. 150. Under the Eleventh Amendment to the Constitution, however, absent state consent, a federal court generally does not have jurisdiction over suits against a state by citizens of another state. See McCartney v. State of West Virginia, 156 F.2d 739 (4 Cir. 1946). It has been noted that:

> The right of individuals to sue a state, in * * * a federal * * * court cannot be derived from the Constitution or laws of the United States. It can come only from the consent of the state.

Palmer v. State of Ohio, 248 U.S. 32, 39 S.Ct. 16, 63 L.Ed. 108 (1918).

 But the Eleventh Amendment's prohibition as it pertains to the suability of a state, without its consent, is subject to varied definite limitations, and it has been held that a federal court's jurisdiction is limited by that amendment only with respect to those cases in which the state is a real, not nominal, defendant. See County of Lincoln v. Luning, 133 U.S. 529, 10 S.Ct. 363, 33 L.Ed. 766 (1889); 36 C.J.S. Federal Courts § 49(3), p. 250.

Thus, actions against lesser governmental units such as counties, Pearl River County v. Wyatt Lumber Company,

---

1. It is expressly stated that only the one issue tendered and briefed is decided.

270 F. 26 (5 Cir. 1921); Chicot County v. Sherwood, 148 U.S. 529, 13 S.Ct. 695, 37 L.Ed. 546 (1892), and municipalities, e. g., Old Colony Trust Company v. City of Seattle, 271 U.S. 426, 46 S.Ct. 552, 70 L.Ed. 1019 (1926); Port of Seattle v. Oregon and W. R. Company, 255 U.S. 56, 41 S.Ct. 237, 65 L.Ed. 500 (1921), have been maintained in the federal court in spite of the Eleventh Amendment. Additionally, actions against state agencies which were legal entities distinct from the state have also been successfully maintained in the federal court. Department of Highways of La. v. Morse Brothers and Associates, 211 F.2d 140 (5 Cir. 1954).

■ In the present case, the defendant drainage district has been given the "power to contract and be contracted with, to sue and be sued, to plead and be impleaded, * * *". Miss.Code Ann. § 4676. Thus, it is clear that under state law such a drainage district is given express power to contract, and it is implicit in this grant of contractual power that a drainage district could contract with citizens of other states. It has been noted that "the power to contract with citizens of other states implies liability to suit by citizens of other states, and no statute limitation of suability can defeat a jurisdiction given by the Constitution". Board of Supervisors v. Cowles, 7 Wall 118, 18 L.Ed. 86 (1868).

■ It is also significant to note that by virtue of state law the defendant drainage district has been given the substantive right to sue in its own name, and persons contracting therewith have also been given the right to sue such a district. It has been noted that:

> The fact that the substantive right is a creature of the state, however, does not suggest that the state may deny the judicial power the states conferred upon the United States when they ratified the Constitution or thwart its exercise within the limits of congressional authorization. In determining its own jurisdiction, a District Court of the United States must look to the source of its power and not to the acts of the states which have no power to enlarge or contract the federal jurisdiction.

> It became axiomatic, therefore, * * that whenever there was a substantive right enforceable in a judicial proceedings *in any court of the state*, it was enforceable in the courts of the United States if the controversy was between citizens of different states and involved the minimum amount of money. (Emphasis added.)

Markham v. City of Newport, 292 F.2d 711 (4 Cir. 1961).

■ Accordingly, the state rule of law relied upon by the defendant does not vest exclusive jurisdiction in the chancery court so as to defeat diversity jurisdiction here. The motion to dismiss, therefore, is not well taken and will be denied by an order to be separately entered.