**Douglas O. LIENHARD,
Petitioner, Appellant,**

v.

**STATE of Minnesota, et al.,
Respondents.**

No. C8–87–1002.

Court of Appeals of Minnesota.

Dec. 22, 1987.
Review Granted Feb. 24, 1988.

Fred H. Pritzker, Pritzker & Meyer, Minneapolis, for petitioner, appellant.

Hubert H. Humphrey, III, Atty. Gen., Michael B. Miller, Peter K. Halbach, Sp. Asst. Attys. Gen., St. Paul, for respondents.

Considered and decided by HUSPENI, P.J., and SEDGWICK and LOMMEN,* JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

The State of Minnesota was found to be negligent and 50% responsible for the injuries incurred by appellant, Douglas Lienhard, in a road accident. Subsequently, Lienhard moved for an award of interest and costs against the state. The trial court awarded costs but denied the motion for interest. Lienhard appeals the denial of interest. In response, the state requests review of the award of costs. We affirm in part and reverse in part.

## FACTS

Appellant, Douglas Lienhard, was involved in a motorcycle accident on September 16, 1979, in which he sustained serious injuries. He brought an action for damages against the State of Minnesota, South Fork Township and Randolph Johnson. A jury found the state negligent and responsible for 50% of the $200,000 damages award. South Fork Township and Johnson subsequently settled for $100,000 and $12,000 respectively, inclusive of interest and costs.

There was no settlement with the state on the issues of interest on the damages

* Acting as judge of the Court of Appeals by ap-

award and the costs incurred in bringing the negligence action. Consequently, Lienhard brought an action against the state to recover interest and costs. The state objected to the motions.

On April 6, 1987, the trial court granted Lienhard's motion for costs but denied his request for interest on the award. On the issue of costs, the trial court reasoned that:

[C]osts were not intended to be included within the damage limitations. [Minn. Stat. 3.736, subd. 4(a).] It is the obvious intent of the legislature to protect the state coffers from being depleted by large tort claims. However, had the legislature intended to exclude costs when the state is the losing party, it surely would have said so. Costs are not unique to tort actions. They may be awarded in any action in district court. M.S. 549.04. Costs therefore are not part of the "tort claim." The tort claim is the claim for a wrongful act and not for the cost of litigating the matter. * * * [C]osts do not arise out of the tort but out of the litigation and is the function of prevailing.

Regarding the denial of interest on the damages award, the trial court stated:

[T]he statute in question does not limit damages but limits "liability of any *tort claim*" * * *. Interest is derivative of the tort claim. It is an amount of money sought to be recovered for the use of money which fairly compensates the plaintiff during the time plaintiff was damaged but uncompensated for tort claims. As such, the term falls within the definition of total liability of any tort claim.

In response to Lienhard's argument that if Minn.Stat. § 3.736 precluded the recovery of interest it was unconstitutional, the trial court stated:

The statute was clearly designed to protect the public treasury. That is clearly a permissible governmental purpose and does not create unconstitutional classes.

pointment pursuant to Minn.Const. art. 6, § 2.

Lienhard appeals the denial of an interest award and the state seeks review and reversal of the award of costs.

### ISSUES

1. Does Minn.Stat. § 3.736, subd. 4 (1978) limit to $100,000 a victim's recovery in a tort action against the state?

2. Does the $100,000 limit on recovery in tort under Minn.Stat. § 3.736 (1978) violate the Equal Protection Clause of the United States Constitution Amen. XIV or Minnesota Constitution art. 1, § 2?

### ANALYSIS

### I.

■ Minn.Stat. § 3.736, provides in relevant part:

Subdivision 1. *General Rule.* The state will pay compensation for injury to or loss of property or personal injury or death caused by an act or omission of any employee of the state while acting within the scope of his office or employment, under circumstances where the state, if a private person, would be liable to the claimant.

\* \* \* \* \* \*

Subd. 4. *Limits.* The total liability of the state and its employees acting within the scope of their employment on any tort claim shall not exceed:

(a) $100,000 when the claim is one for death by wrongful act or omission and

$100,000 to any claimant in any other case.

Minn.Stat. § 3.736, subds. 1 and 4(a).[1]

The effect of the jury verdict was to award Lienhard $100,000 in damages against the state. Lienhard argues that even though he received the maximum amount payable under section 3.736, subd. 4(a), interest and costs are separable from damages and therefore should be awarded against the state under provisions of Minn. Stat. § 549.04 (1978)[2] and section 549.09 (Supp.1979)[3]. Consequently, in requesting interest and costs under chapter 549, Lienhard is in effect asking this court to read section 3.736, subd. 4 as imposing a limit only on the actual damages award, thereby additionally permitting recovery of costs and interest under other statutory sections.

While we agree with Lienhard that no language in chapter 549 expressly insulates the state from the payment of costs and interest, that insulation comes, instead, we believe, from the following pronouncement on interpretation of statutes.

The state is not bound by the passage of a law unless named therein, or unless the words of the act are so plain, clear, and unmistakable as to leave no doubt as to the intention of the legislature.

Minn.Stat. § 645.27 (1978).[4]

The language of Minn.Stat. §§ 549.04 and 549.09 is clear and unambiguous. There is nothing in these sections or indeed

---

1. The limit on recovery pursuant to Minn.Stat. § 3.736, subd. 4(a) was increased to $200,000 in 1983. The increased limit is inapplicable here.

2. Minn.Stat. § 549.04 reads in·pertinent part:
   **DISBURSEMENTS; TAXATION AND ALLOWANCE.**
   In every action in a district court, the prevailing party, including any public employee who prevails in an action for wrongfully denied or withheld employment benefits or rights, shall be allowed his disbursements necessarily paid or incurred. In actions for the recovery of money only, of which a municipal court has jurisdiction, the plaintiff, if he recover no more than $50, shall not recover any disbursements.

3. Minn.Stat. § 549.09 reads in pertinent part:
   Subdivision 1. When the judgment is for the recovery of money, including a judgment

for the recovery of taxes, interest from the time of the verdict or report until judgment is finally entered shall be computed by the clerk \* \* \* and added to the judgment. The interest shall be computed as simple interest per annum. The rate of interest shall be based on the weighted average discount yield of competitive bids accepted at auction of one year United States treasury bills as provided in this section.
   \* \* \* \* \* \*
   Subd. 2. During each calendar year, interest shall accrue on the unpaid balance of the judgment from the time that it is entered until it is paid \* \* \*.

4. Minn.Stat. § 3.762(a), enacted in 1986, specifically precludes recovery of costs in a tort action against the state. However, we have not relied on this section in reaching our decision in this case.

in the whole of chapter 549 which would indicate that any liability can be imposed upon the state for costs and interest. We conclude, therefore, that these items cannot be awarded to a victim of a governmental tort under chapter 549. Consequently, the state can be held liable to Lienhard for costs and interest only if these items are recoverable under the Tort Claims Act itself.

Section 3.736, subd. 4(a), sets limits of $100,000 as "the total liability of the state and its employees * * * on *any tort claim*" (emphasis added). The Minnesota Supreme Court has stated that the word "claim" has a broad and comprehensive meaning, "embracing every specie of legal demand." *Wheeler v. Equitable Life Assurance Society of United States*, 211 Minn. 474, 478, 1 N.W.2d 593, 595 (1942).

We find no language in section 3.736 which limits the meaning of the words "any tort claim," and conclude that the legislature intended the $100,000 maximum limits in section 3.736, subd. 4 to apply to recovery from the cause of action as a whole, regardless of the various categories or components in that recovery.

Lienhard has already recovered the maximum amount permitted under section 3.736, which amount is solely denominated as damages. Therefore, he has standing to raise the issue of whether costs and interest are also recoverable under that section only if he can successfully challenge the $100,000 "cap." We must, therefore, address the constitutionality of the $100,000 limit placed upon recovery under Minn. Stat. § 3.736, subd. 4.

## II.

◼ Lienhard argues that section 3.736 violates the Equal Protection Clause if it insulates the state from payment of costs and interest to a tort victim recovering $100,000 in damages. He maintains that this draws a distinction between state and private tortfeasors and consequently distinguishes between victims of governmental and nongovernmental wrongdoers. Although Lienhard contends that no attack is made on the constitutionality of the $100,-

000 cap imposed by Minn.Stat. § 3.736, subd. 4, because of our determination that no relief is available to him under chapter 549, we conclude that his argument does amount to such an attack.

The United States Supreme Court has held sovereign immunity to be constitutional. In *Beers v. State of Arkansas*, 61 U.S. (20 How.) 527, 15 L.Ed. 991 (1857), it stated:

It is an established principle of jurisprudence in all civilized nations that the sovereign cannot be sued in its own courts * * * without its consent and permission.

*Id.* at 529.

Sovereign immunity in tort was abolished by the Minnesota Supreme Court in *Nieting v. Blondell*, 306 Minn. 122, 132, 235 N.W.2d 597, 603 (1975). Nevertheless, the doctrine of state immunity continues and the state may be sued only with its consent and upon such terms as the legislature chooses to impose. *See Palmer v. Ohio*, 248 U.S. 32, 34, 39 S.Ct. 16, 16–17, 63 L.Ed. 108 (1918); *Harris v. County of Racine*, 512 F.Supp. 1273, 1278 (E.D.Wis.1981).

We find but one case in which the constitutionality of section 3.736, subd. 4(a) has been challenged. In *Miller v. State*, 306 N.W.2d 554 (Minn.1981), the supreme court resolved the issues raised on other grounds without reaching the constitutional question.

We conclude that the classification of "victim of governmental torts" creates no suspect class. Therefore, we examine the constitutionality of section 3.736 by determining whether its provisions are rationally related to a legitimate governmental objective. *See McGowan v. State of Maryland*, 366 U.S. 420, 425–26, 81 S.Ct. 1101, 1104–05, 6 L.Ed.2d 393 (1961); *Bernthal v. City of St. Paul*, 376 N.W.2d 422, 425 (Minn. 1985). Scrutiny of a challenged classification involves two basic inquiries:

(1) Does the challenged legislation have a legitimate purpose? and

(2) Was it reasonable for the lawmakers to believe that use of the challenged classification would promote that purpose?

*Bernthal* at 425 (citations omitted).

The legislature did not set forth its rationale for imposing a limitation on recovery

under section 3.736. It is, therefore, this court's obligation to find a rationale that might have influenced the legislature and that reasonably upholds the legislative determination to limit recovery to $100,000. However, it is not our task to question the wisdom of the legislature in making this determination. *See generally Sambs v. City of Brookfield,* 97 Wis.2d 356, 293 N.W.2d 504 (1980); *Stanhope v. Brown County,* 90 Wis.2d 823, 280 N.W.2d 711 (1979) (where the Wisconsin court determined a possible rationale for the $25,000 limit on damages recoverable against the state in a tort action).

We determine that there are two possible purposes behind the legislation: (a) protection of public funds, and (b) to aid budget planning. Lienhard argues that these purposes are not legitimate because they are the same purposes which formed the basis of sovereign immunity in tort. He also contends that even if the *classification is* legitimate, it does not promote the purpose of the section because its operation eliminates the incentive to settle and encourages behavior which increases litigation costs. Lienhard concedes, however, that in this case the state did not cause undue delay.

Even if we were to find merit in Lienhard's arguments, we do not believe those arguments are sufficiently persuasive to compel a determination that Minn.Stat. § 3.736, subd. 4 is unconstitutional. Instead, we must recognize that a reasonable legislature enacting the Tort Claims Act could have believed that if it allowed unlimited recovery in tort claims, there would be a great risk to the public treasury. The state engages in activities of a scope and variety far beyond that of any private business, township or city. Its operations affect large numbers of people. Permitting unlimited recovery to the victims of state torts could impair the ability of the state to govern efficiently.

The *Sambs* court reasoned:

It is the legislature's function to evaluate the risks, the extent of exposure to liability, the need to compensate citizens for injury, the availability of and cost of insurance, and the financial condition of the governmental units. It is the legislature's function to structure statutory provisions which will protect the public interest in reimbursing the victim and in maintaining government services and which will be fair and reasonable to the victim and at the same time will be realistic regarding the financial burden to be placed on the taxpayers.

*Sambs,* 97 Wis.2d at 377, 293 N.W.2d at 514.

Wisconsin determined that the $25,000 cap on damages recoverable against the state was constitutional despite the distinction created between the victims of governmental and private tortfeasors. The *Stanhope* court reasoned:

We are unwilling to say that the legislature has no rational basis to fear that full monetary responsibility entails the risk of insolvency or intolerable tax burdens. Funds must be available in the public treasury to pay for essential governmental services; taxes must be kept at reasonable levels; it is for the legislature to choose how limited public funds will be spent. It is within the legitimate power of the legislature to take steps to preserve sufficient public funds to ensure that the government will be able to continue to provide those services which it believes benefits the citizenry.

*Stanhope,* 90 Wis.2d at 842, 280 N.W.2d at 719.

We find that Minn.Stat. § 3.736, subd. 4 furthers the legitimate legislative purposes of protecting public funds and aiding budget planning. We declare that Minn.Stat. § 3.736, subd. 4 meets the equal protection standards required by the United States and the Minnesota constitutions, and those standards set forth in *Bernthal.* Therefore, Lienhard, having received the statutory maximum award of $100,000, has no standing to raise the issue of whether an award of costs and interest is available to the victim of a governmental tortfeasor pursuant to Minn.Stat. § 3.736.

## DECISION

The Tort Claims Act, Minn.Stat. § 3.736, subd. 4, does not violate the Equal Protec-

tion Clause of the United States Constitution Amen. XIV or the Minnesota Constitution art. 1, § 2. Lienhard may not recover more than $100,000 in his tort action against the state. The award of costs against the state is, therefore, reversed. The denial of Lienhard's request for interest on the $100,000 damages awarded to him is affirmed.

Affirmed in part and reversed in part.