715 F.Supp. 346 (1989)
Gail B. HILL, Plaintiff,
v.
The STATE OF FLORIDA DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES and Patricia S. Bailey, individually and in her capacity as a supervisor for the Department of Health and Rehabilitative Services, Defendants.
No. 89-0027-CIV-T-17-(A).
United States District Court, M.D. Florida, Tampa Division.
July 11, 1989.
John A. Shahan, Tarpon Springs, Fla., for plaintiff.
Richard A. Nielsen and Lyndi Gordon, Salem, Saxon & Nielsen, P.A., Tampa, Fla., for defendants.

ORDER ON MOTION TO DISMISS
KOVACHEVICH, District Judge.
This cause is before the Court on Defendant's motion to dismiss pursuant to Fed.R. Civ.P. 12(b)(6), and Plaintiff's response thereto.
A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *347 Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

I.
This case involves the scope of the Eleventh Amendment's prohibition of suits by individuals against any of the fifty states in federal Court, as well as the extent to which Florida has waived its Sovereign Immunity by virtue of § 768.28, Florida Statutes, or otherwise.
Because this Court finds that Plaintiff's suit against the State of Florida is barred by the Eleventh Amendment to the United States Constitution, and that Florida has not waived its Sovereign Immunity from suit in federal court, Defendants' motion to dismiss for failure to state a claim is granted insofar as the complaint against the State. The claim against Patricia S. Bailey individually stands. The Court's reasoning is set forth more fully below.

II.
Plaintiff Gail B. Hill ("Hill") filed this action against the State of Florida, Department of Health and Rehabilitative Services ("the State") and Patricia S. Bailey ("Bailey") seeking damages for violation of 29 U.S.C. § 794. The gravamen of Hill's complaint is that she was the victim of wrongful discrimination, directed at her because of her mental illness. This invidious discrimination in direct violation of Federal law cost Hill her job and almost her life: jobless and severely depressed she attempted suicide.
Accepting Hill's allegations as true, which this Court must, Plaintiff can prove no set of facts entitling her to relief. The Eleventh Amendment clearly proscribes this sort of action unless and until the State expressly waives its Sovereign Immunity. Atascadero State Hospital v. Scanlon, 473 U.S. 234, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985).
The test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one. Although a State's general waiver of sovereign immunity may subject it to a suit in state court, it is not enough to waive the immunity guaranteed by the Eleventh Amendment. Florida Dept. of Health v. Florida Nursing Home Assn., 450 U.S. 147, 150 [101 S.Ct. 1032, 1034, 67 L.Ed.2d 132] (1981). As we explained just last Term, "a State's constitutional interest in immunity encompasses not merely whether it may be sued, but where it may be sued." Penhurst State School and Hospital v. Halderman, 465 U.S. 89 [104 S.Ct. 900, 79 L.Ed.2d 67] (1984). Thus, in order for a state statute or constitutional provision to constitute waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in federal court.

Atascadero, supra, 473 U.S. at 241, 105 S.Ct. at 3146-47 [Emphasis original].
Florida has not expressly waived its Eleventh Amendment immunity. And it has not merely been silent on the question, leaving the issue open to debate. Rather, the legislature adopted § 768.28(16), which states in pertinent part:
No provision of this section ... shall be construed to waive the immunity of the State or any of its agencies from suit in Federal Court, as such immunity is guaranteed by the Eleventh Amendment to the Constitution of the United States, unless such waiver is explicitly and definitely stated to be a waiver of the immunity....
The State's agreeing to be bound by federal law cannot be construed to be a waiver of its immunity to suit in federal court, as Hill suggests. "It denigrates the judges who serve on the state courts to suggest that they will not enforce the supreme law of the land." Atascadero, supra at 239, n. 2, 105 S.Ct. at 3146, n. 2.
Nor has Congress, in enacting the Rehabilitation Act, manifested a clear intent to abrogate the Eleventh Amendment bar to suits against states in federal court. Atascadero, 473 U.S. 234, 105 S.Ct. 3142.
Hill's contention that the Eleventh Amendment is not applicable to situations such as this where the suit is one by a citizen of the defendant state, not a foreign state, is squarely at odds with the law. *348 The most cursory examination of cases cited to this Court reveals that the Eleventh Amendment bars a suit against a state by one of its own citizens as well as a suit brought by a citizen of a foreign state. This question is well settled, supported by a hundred years of case law. Hans v. Louisiana 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890); North Carolina v. Temple, 134 U.S. 22, 10 S.Ct. 509, 33 L.Ed. 849 (1890); Fitts v. McGhee, 172 U.S. 516, 19 S.Ct. 269, 43 L.Ed. 535 (1899); Bell v. Mississippi, 177 U.S. 693, 20 S.Ct. 1031, 44 L.Ed. 945 (1900); Smith v. Reeves, 178 U.S. 436, 20 S.Ct. 919, 44 L.Ed. 1140 (1900); Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1907); Palmer v. Ohio, 248 U.S. 32, 39 S.Ct. 16, 63 L.Ed. 108 (1918); Duhne v. New Jersey, 251 U.S. 311, 40 S.Ct. 154, 64 L.Ed. 280 (1920); Ex parte New York, 256 U.S. 490, 41 S.Ct. 588, 65 L.Ed. 1057 (1921); Missouri v. Fiske, 290 U.S. 18, 54 S.Ct. 18, 78 L.Ed. 145 (1933); Great Northern Life Insurance Co. v. Read, 322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121 (1944); Ford Motor Co. v. Dept. of Treasury of Indiana, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945); Georgia Railroad & Banking Co. v. Redwine, 342 U.S. 299, 72 S.Ct. 321, 96 L.Ed. 335 (1952); Parden v. Terminal Railway of Alabama Docks Dept., 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964); United States v. Mississippi, 380 U.S. 128, 85 S.Ct. 808, 13 L.Ed.2d 717 (1965); Employees v. Missouri Dept. of Health and Welfare, 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973); Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); Atascadero, supra, 473 U.S. at 239, n. 2, 105 S.Ct. at 3145, n. 2.
The protection afforded to the states by the Eleventh Amendment is not designed to hamper the assertion of bona fide claims by citizens. As the Supreme Court has recently commented:
"We believe, however, that our Eleventh Amendment doctrine is necessary to support the view of the federal system held by the Framers of the Constitution ... The Framers believed that the States played a vital role in our system and that strong state governents were essential to serve as a `counterpoise' to the power of the Federal Government. See, e.g. The Federalist No.17, p.107 (J. Cooke ed. 1961); The Federalist No. 46, p. 316 (J. Cooke ed. 1961) ... The Constitution never would have been ratified if the States and their courts were to be stripped of their sovereign authority except as expressly provided by the Constitution itself.." Atascadero, 473 U.S. at 239, n. 2, 105 S.Ct. at 3145, n. 2.
For the reasons noted above, this Court dismisses the complaint against the Florida Department of Health and Rehabilitative Services and against Patricia S. Bailey in her capacity as a supervisor.

III.
Defendants argue in their memorandum that Hill's complaint against Bailey individually is barred by § 768.28, Florida Statutes. § 768.28(9)(a) provides in pertinent part:
No officer, employee, or agent of the state ... shall be held liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property ... The exclusive remedy for injury shall be by action against the governmental entity....
Defendants contend this statute shields Bailey from Hill's suit and limits her remedies to a suit against the State agency.
It would indeed be a peculiar state of affairs if a Florida Statute could rob this Federal District Court of its original jurisdiction arising under the laws of the United States. 29 U.S.C. § 794 is a Federal Statute, passed by both Houses of Congress in Washington, D.C. § 768.28 is a Florida Statute, passed by the State legislature in Tallahassee, Florida. The Supremacy clause and the law that has developed around the landmark case of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) are all that stand *349 in the way of Defendants' success. They prove to be too great a hurdle. The substantive law to be applied in this case is federal, and any remedies fashioned under that law will be federal. § 768.28 is not a bar to this action in federal court.
Defendants also find fault with the text of Hill's complaint, contending that Hill fails to plead sufficient unltimate facts to support her claim. This argument stems from a fundamental misunderstanding of the different standards of pleading in state and federal courts. While the courts of Florida undoubtedly require that complainants allege "ultimate facts", federal courts have since 1938 utilized notice pleading. Rule 8 of the Federal Rules of Civil Procedure requires that a party merely set out "a short and plain statement of the claim showing that the pleader is entitled to relief". Fed.R.Civ.P. 8(a)(2). And this informal procedure obtains whether the pleader seeks relief under federal or state substantive law, so long as the case is to be heard in federal court. Thus, Defendants' arguments concerning Hill's pendent claims are not well taken.
With respect to Hill's claims against Bailey in her individual capacity, this Court is not prepared to say that it appears beyond doubt that Plaintiff can prove no set of facts that would entitle her to relief. Accordingly, it is
ORDERED that Plaintiff's complaint against the State of Florida, Department of Health and Rehabilitative Services be and the same is DISMISSED.
ORDERED that Plaintiff's complaint against Patricia S. Bailey in her official capacity as a supervisor for the Department of Health and Rehabilitative Services be and the same is DISMISSED.
ORDERED that Defendants' motion to dismiss Plaintiff's complaint against Patricia S. Bailey individually be and the same is DENIED.
DONE and ORDERED.