THE STATE, EX REL. THE FRANKLIN COUNTY CON-
SERVANCY DISTRICT ET AL., *v.* VALENTINE,
AUDITOR.

*Conservancy act — Preliminary fund — Section 6828-43, General
Code (104 O. L., 35) — General county funds to be reimbursed,
when — Duties of directors of district.*

1. The levy authorized by Section 6828-43, General Code (Section
43 of the Conservancy Act of Ohio, 104 O. L., 13, 35), of
three-tenths of one mill on the assessed valuation of property
lying within a conservancy district, constitutes the final and
sole source of the preliminary fund defined in Section 42 of
the Conservancy Act, and is the primary fund from which the
general funds of the county or counties constituting such dis-
trict should be reimbursed for expenses paid out of these funds
under authority of that section.

2. The board of directors of a conservancy district has no au-
thority or discretion to delay the reimbursement of the general
funds of the county or counties constituting such district, for
money advanced to the preliminary fund, after the receipt of
funds by the district from any source provided by the statute
for the raising of revenues for the use and purposes of a con-
servancy district.

(No. 15242 — Decided September 2, 1916.)

IN MANDAMUS.

On the 22d day of April, 1916, the State of Ohio,
on relation of the Franklin County Conservancy
District and Fred M. Sayre as Secretary and ex-
officio Treasurer of the Franklin County Conserv-
ancy District, filed an original petition in this court
against H. Sage Valentine, as Auditor of Franklin
County, Ohio, praying that a peremptory writ of
mandamus issue out of this court, directed to the
defendant auditor, commanding him to issue his

warrant on the treasurer of Franklin county, Ohio, payable to Fred M. Sayre as secretary and ex-officio treasurer of said conservancy district, for the sum of $74,149.90—that sum representing the full amount collected upon an assessment of three-tenths of a mill levied by the board of directors of the Franklin county conservancy district, under authority conferred upon it by Section 43 of the Conservancy Act of Ohio (104 O. L., 13, 35), for the purpose of paying expenses of organization, for surveys and plans, and for other incidental expenses which might be necessary up to the time money should be received for the use of said conservancy district from the sale of bonds or otherwise.

The petition averred that the board of directors of the Franklin county conservancy district, from the date of its organization until the first day of March, 1916, had incurred expenses in the sum of $36,018.21, in and about the fulfillment of the purposes for which the district was created and organized, for surveys, engineering expenses, collection of information and data, and other expenses incidental to the administration of said district, all of which expenses were from time to time paid from the general fund of Franklin county, Ohio, upon the several orders of the court of common pleas of Franklin county, Ohio, and entered in the proceedings for the organization of said conservancy district; that said district had not yet received any money whatever from taxes or assessments, bond sales, or otherwise; that said relators had demanded that defendant, as auditor of

Franklin county, issue his warrant on the treasurer of Franklin county, payable to said Fred M. Sayre, secretary and ex-officio treasurer of the district, for the full amount of $74,149.90, being the full amount of the collection of said assessment then in the treasury to the credit of said conservancy board; and that said defendant had thereupon refused, and still refuses, but withholds from the relator, his warrant for the said proceeds of said assessment and refuses to issue the same.

To this petition the defendant filed an answer, admitting all of the allegations of the petition, and, further answering, averred that at the time of said demand by the board of directors and the secretary and ex-officio treasurer of the Franklin county conservancy district this defendant, as county auditor, had reimbursed the general county fund of Franklin county, Ohio, for the advancements made by it in payment of the expenses incurred by the directors of the conservancy district in the fulfillment of the purposes for which the district was created and organized, for surveys, engineering expenses, and other incidental expenses, aggregating the sum of $36,018.21, and thereupon had tendered the said board of the said conservancy district and the said Fred M. Sayre, as secretary and ex-officio treasurer of the said conservancy district, his warrant as auditor of Franklin county, Ohio, for the sum of $38,131.69, being the entire proceeds of said collection of three-tenths of a mill levied and collected under the resolution of the directors of the conservancy district, less the advancements made from the general

county fund of Franklin county, Ohio, which warrant was then and there refused and is now brought into this court and deposited with the clerk hereof, subject to the acceptance of the relators and the orders of this court.

To this answer, relators filed a general demurrer. Pending the hearing of this cause upon the demurrer, by agreement of parties and upon approval of the court, the warrant for $38,131.69 was delivered by the clerk of this court to Fred M. Sayre as secretary and ex-officio treasurer of the Franklin county conservancy district, upon a stipulation in writing that the acceptance of the same should not prejudice the rights or claims of any of the parties to the action.

*Messrs. Webber, McCoy & Jones* and *Mr. O. E. Davis,* for relators.

*Mr. Robert P. Duncan,* prosecuting attorney; *Mr. W. J. Ford,* assistant prosecuting attorney; *Mr. A. Ward Clutch* and *Mr. Robert J. Beatty,* for defendant.

DONAHUE, J. Section 6828-43, General Code (Section 43 of the Conservancy Act of Ohio, 104 O. L., 13, 35), provides:

"As soon as any district shall have been organized under this act, and a board of directors shall have been appointed and qualified, such board of directors shall have the power and authority to levy upon the property of the district not to exceed three-tenths of a mill on the assessed valuation thereof as a level rate to be used for the purpose

of paying expenses of organization, for surveys and plans, and for other incidental expenses which may be necessary up to the time money is received from the sale of bonds or otherwise."

The expenses incurred by the board of directors of the Franklin county conservancy district, and paid from time to time from the general fund of Franklin county, Ohio, were for the purposes named in this section, for which this levy of three-tenths of a mill is authorized.

The fund arising from this levy, together with advancements made from the general county fund, as authorized by the same section, constitutes the preliminary fund named in Section 6828-42, General Code. It is clear that this preliminary fund is the primary fund from which these expenses for organization, surveys and plans, and other incidental expenses, should be paid. It is equally clear that the money from the general funds of the county used for the payment of these expenses was not intended by the legislature as a permanent addition to the preliminary fund, but merely an advancement or loan to it in anticipation of the collection of this levy; so that the final and only source of the preliminary fund defined in Section 42 of the Conservancy Act is this levy of three-tenths of a mill upon the assessed valuation of the property of the district. Section 43 of the Conservancy Act, which authorizes this levy, specifically designates the purposes for which the proceeds of this levy shall be used.

It follows, therefore, if the general funds of the county are but loaned or advanced to the prelimi-

nary fund of the conservancy district, in anticipation of the levy, that the proceeds of this levy must be applied to the reimbursement of the general funds of the county.

If there were any doubt upon this proposition, the facts in this case would, nevertheless, require that the proceeds of this levy should be applied to the reimbursement of the general funds of the county. The same section that authorizes the payment of these expenses out of the general funds of the county also provides that "upon receipt of funds by the district from the sale of bonds or by taxation or assessment the funds so advanced by the counties shall be repaid." This plain provision of the statute is mandatory. It would be idle to discuss the question of the authority of the board of directors to order repayment to the county fund out of other funds in its possession or control, when it has received no funds except this one arising from the tax levy of three-tenths of a mill upon the assessed valuation of the property within the conservancy district.

While the fund arising from this levy is undoubtedly the proper and primary fund out of which repayment should be made to the county fund, nevertheless the general assembly of Ohio has safeguarded the general funds of the county by this mandatory provision requiring reimbursement upon the receipt of funds from any source whatever. The board of directors of the conservancy district has no discretion to delay the reimbursement of the general fund of the county after it receives funds from any source provided by the

statute, but must forthwith apply these funds to the repayment of the advancements made from the general fund of the county; and even if some other funds were so applied it would seem from this legislation to be the clear duty of the board of directors to immediately reimburse the fund so depleted from the proceeds of its levy for the preliminary fund, for it is expressly for the payment of these expenses that this levy is authorized.

The demurrer to the answer is overruled, and, the relators not desiring to plead further, a peremptory writ is refused and the petition dismissed at cost of relators.

*Writ refused.*

Nichols, C. J., Johnson, Newman, Jones and Matthias, JJ., concur.

Wanamaker, J., not participating.