Hart, J.
When the “conservancy court” made its order in 1934 apportioning the preliminary or organizational expense of the district to the several counties in the district, the pertinent part of the applicable statute (Section 6828-43, General Code), in force at that time, was as follows:
“Upon the organization of the district, the court shall make an order indicating a preliminary division of the preliminary,expenses between the counties included in the district in approximately the proportions of interest of the various counties as may be estimated by said court. And the court shall issue an order to the auditor of each county to issue his warrant upon the treasurer of his county to reimburse the county having paid the total cost.
*468 “Expenses incurred thereafter prior to the receipt of money by the district from taxes or assessments, bond sales, or otherwise, shall be paid from the general funds of the counties upon the order of the court and upon certification of the clerk of the court of such order specifying the amount and purpose of the levy, to the auditor of each county, who shall thereupon at once issue his warrant to the treasurer of his county, said payments to be made in proportion of the order outlined by the court aforesaid. Upon receipt of funds by the district from the sale of bonds or by taxation or assessment the funds so advanced by the counties shall be repaid.
“As soon as any district shall have been organized under this act, and a board of directors shall have been appointed and qualified, such board of directors shall have the power and authority to levy upon the property of the district not to exceed three-tenths of a mill on the assessed valuation thereof as a level rate to be used for the purpose of paying expenses of organisation, for surveys and plans, and for other incidental expenses which may be necessary up to the time money is received from the sale of bonds or otherwise. This tax shall be certified to the auditors of the various counties and by them to the respective treasurers of their counties. If such items of expense have already been paid in whole or in part from other sources, they may be repaid from the receipts of such levy, and such levy may be made although the work proposed may have been found impracticable or for other reasons is abandoned. The collection of such tax levy shall conform in all matters to the collection of taxes and assessments for the district outlined in this act, and the same provisions concerning the nonpayment of taxes shall apply. The board may borrow money in any manner provided for in this act, and may pledge the receipts from such taxes for its repay *469 ment, the information collected by the necessary surveys, the appraisal of benefits and damages, and other information and data being of real value and constituting benefits for which said tax may be levied. * * *” (Italics supplied.) 104 Ohio Laws, 13, 35, effective February 17, 1914.
In 1937, this statute was amended and thereafter has been, so far as pertinent, as follows:
“Upon the organisation of the district, the court shall malee an order indicating a preliminary division of the preliminary expenses between the counties included in the district in approximately the proportions of interest of the various counties as may be estimated by said court. And the court shall issue an order to the auditor of each county to issue his warrant upon the treasurer of his county to reimburse the county having paid the total cost.
“As soon as any district shall have been organised under this chapter, and a board of directors shall have been appointed and qualified,, such board of directors shall have the power and authority to levy upon the property of the district in each of not more than two years a preliminary tax of not to exceed three-tenths of a mill on the assessed valuation thereof at a level rate to be used for the purpose of paying expenses of organisation, for surveys and plans, and for other incidental expenses lohich may be necessary up to the time money is received from the sale of bonds or otherwise. This tax shall be certified to the auditors of the various counties and by them to the respective treasurers of their counties. If such items of expense have already been paid in whole or in part from other sources, they may be repaid from the receipts of such levy, and such levy may be made although the work proposed may have been found impracticable or for other reasons is abandoned. The collection of such tax levy shall conform in all matters to the provisions *470 of the General Code governing the collection of taxes and assessments levied by local taxing districts, and the same provisions concerning the nonpayment of taxes shall apply. The board may borrow money %n any manner provided for in this chapter and may pledge the receipts from such taxes for its repayment, the information collected by the necessary surveys, the appraisal of benefits and damages, and other information and data being of real value and constituting benefits for which said tax may be levied. * * (Italics supplied.) 117 Ohio Laws, 163, 190, effective April 19, 1937.
It is claimed by the respondents and conceded by the relator that under the statute, as in force in 1934 and at the time of the apportionment of preliminary expenses by the court among the counties, the counties were entitled to reimbursement, for any contributions to such expense fund, from the funds provided by the district assessment. But relator claims that under the amended statute the matter of repayment of such contributions to the counties was no longer made mandatory but permissive only on the part of the conservancy district. To support this contention relator relies upon the clause located near the middle portion of the present statute, that “if such items of expense have already been paid in whole or in part from other sources, they may be repaid from the receipts of such levy. ’ ’
We are of the opinion that the claim of the relator is based upon a misinterpretation of the statute. The present statute as well as the former statute gives the conservancy board the power not only to levy assessments but to borrow money with which to carry on its projects and to pledge tax receipts for its repayment. The present statute still specifically provides that “upon the organization of the district, the court shall make an order indicating a preliminary division *471 of the preliminary expenses between the counties included in the district.” It then provides that “as soon as any district shall have been organized under this chapter, and a board of directors shall have been appointed and qualified, such board of directors shall have the power and authority to levy upon the property of the district in each of not more than two years a preliminary tax of not to exceed three-tenths of a mill on the assessed valuation thereof at a level rate to be used for the purpose of paying expenses of organisation, for surveys and plans, and for other incidental expenses which may be necessary up to the time money is received from the sale of bonds or otherwise..” (Italics supplied.) It further provides that this tax shall be certified to the auditors of the several counties and by them to the respective treasurers of the counties. Then follows the crucial clause which must be here interpreted. It is,, “if such items of expense have already been paid in whole or in part from other sources, they may be repaid from the receipts of such levy.” To what does the term, “other sources,” refer? Clearly, it refers to sources other than the preliminary assessment against the counties referred to in the statute immediately before the clause now subject to interpretation. Such other sources may be proceeds from bond issues, borrowed money, or contributions from interested private parties. There is nothing in the quoted phrase which in any way negates the previous provisions of the statute which still are that the directors shall have authority to levy a tax “for the purpose of paying expenses of organization, for surveys and plans, and for other incidental expenses which may be necessary up to the time money is received from the sale of bonds or otherwise.”
It is interesting also to note that the last paragraph of the present statute, including the quoted clause in *472 question, was in the 1934 form of the statute in almost the same language, and the permissive clause in question was in identical language. If that clause in the 1934 statute did not relieve the district from reimbursing the counties, neither does it do so under the present form of the statute.
Assuming that such reimbursement is permissive under the present statute, we are of the opinion that the district is for another reason still indebted to the counties for the preliminary expense alloted to them when the district was organized. The counties in question advanced the money in 1934 and 1935, and under the statute then prevailing it became the duty of the board of directors immediately to levy a tax on the property of the district for the reimbursement of the counties. The conservancy district should not now be permitted to take advantage of its own delay in observing the clear requirement of the statute. The rights of the county had already accrued before any amendment of the statute. If the instant action had been brought before the amendment of the statute, the respondents would have been entitled to prevail for the same reasons other relators, under similar circumstances, prevailed in State, ex rel. Franklin County Conservancy Dist., v. Valentine, Aud., 94 Ohio St., 440, 114 N. E., 947, wherein it was held:
“The board of directors of a conservancy district has no authority or discretion to delay the reimbursement of the general funds of the county or counties constituting such district, for money advanced to the preliminary fund, after the receipt of funds by the district from any source provided by the statute for the raising of revenues for the use and purposes of a conservancy district. ’ ’
In the course of his opinion in that case, Donahue, J., appropriately observed:
‘ ‘ The fund arising from this levy, together with ad *473 vancements made from the general county fund, as authorized by the same section, constitutes the preliminary fund named in Section 6828-42, General Code. It is clear that this preliminary fund is the primary fund from which these expenses for organization, surveys and plans, and other incidental expenses, should be paid. It is equally clear that the money from the general funds of the county used for the payment of these expenses was not intended by the legislature as a permanent addition to the preliminary fund, but merely an advancement or loan to it in anticipation of the collection of this levy; so that the final and only source of the preliminary fund defined in Section 42 of the Conservancy Act is this levy of three-tenths of a mill upon the assessed valuation of the property of the district. Section 43 of the Conservancy Act, which authorizes this levy, specifically designates the purposes for which the proceeds of this levy shall be used. ’ ’
The writs are denied.

Writs denied.