## MISSOURI ET AL. *v.* FISKE ET AL.

No. 27. Argued October 18, 1933.—Decided November 6, 1933.

*Mr. Roy McKittrick,* Attorney General of Missouri, and *Messrs. Gilbert Lamb* and *Powell B. McHaney,* Assistant Attorneys General, submitted for petitioners.

*Mr. G. A. Buder, Jr.,* with whom *Mr. Oscar E. Buder* was on the brief, for respondents.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

By an ancillary and supplemental bill of complaint in the District Court of the United States, respondents sought an injunction against the State of Missouri restraining the State from prosecuting certain proceedings in the Probate Court of the City of St. Louis in relation to the estate of Sophie Franz, deceased. The State appeared specially and moved to dismiss the bill upon the ground, among others, that it was a suit against the State, which had not consented to be sued, in violation of the Eleventh Amendment of the Federal Constitution. The District Judge granted the motion upon that ground. The Circuit Court of Appeals reversed the order of dismissal, holding that the Eleventh Amendment was inapplicable, in the view that the ancillary and supplemental bill had been brought to prevent an interference with the jurisdiction of the federal court. 62 F. (2d) 150. The case comes here on certiorari, 289 U.S. 720.

The circumstances are these: By the will of Ehrhardt D. Franz, who died in 1898, his property was left to his

wife, Sophie Franz, for life, with remainder to his ten children. The will was probated in the Probate Court of the City of St. Louis. In 1909, Sophie Franz transferred certain securities, in part belonging to her husband's estate, to trustees to hold during her life. On its creation, the trust embraced shares, belonging to her husband's estate, which had been increased by stock dividends; later, these shares were exchanged for shares of a successor corporation and these were further increased by stock dividends

There has been protracted litigation in relation to this trust and the property held by the trustees. The present suit was brought, in 1924, in the District Court of the United States, by one of the sons of Ehrhardt D. Franz, to determine and quiet his remainder interest and to obtain an accounting and security for his protection. Indispensable parties (owners of other remainder interests) being absent, the original bill was dismissed. *Franz* v. *Buder,* 11 F. (2d) 854, 858. An amended bill was filed and the present respondents, who are children of Ehrhardt D. Franz and not residents of Missouri, were brought in with others. On an ancillary bill, it appearing that the federal court had first acquired jurisdiction over the subject matter in an action *quasi in rem,* defendants Sophie Franz and her trustees were enjoined from prosecuting a suit in the Circuit Court of the City of St. Louis for the determination of the same issues. *Franz* v. *Franz,* 15 F. (2d) 797. The present suit in the federal court then proceeded to decree, in 1927, which, with modifications as to security and costs, was affirmed by the Circuit Court of Appeals in the following year. *Buder* v. *Franz,* 27 F. (2d) 101.

There is a question between the parties here as to the scope of this decree, but we may assume, for the present purpose, that this decree, as stated by the Circuit Court of Appeals in the decision under review, 62 F. (2d) pp.

151, 153, 154, determined the rights of the present respondents by virtue of their remainders under the will of Ehrhardt D. Franz. The decree, as thus construed, determined that certain shares, with their increase through stock dividends, were *corpus* of the estate of Ehrhardt D. Franz, and not income, and hence that Sophie Franz had only a life interest. *Id.,* 27 F. (2d) pp. 105, 113, 114.

Later, in 1930, Sophie Franz died, and her estate is in the course of administration in the Probate Court of the City of St. Louis. Her executor, in view of the decree of the federal court, did not include the shares above mentioned in his inventory of her estate. Thereupon, in 1931, the State of Missouri procured the issue, on behalf of the State, of a citation in the Probate Court to compel the executor to inventory these shares as assets of the estate of Sophie Franz. The State of Missouri then moved in the federal court for leave to intervene. The State set forth the issue of the citation in the Probate Court; that the respondents, and others in interest, were seeking in the federal court to obtain distribution of the shares of stock in question, and that, to protect the State's right to inheritance taxes, intervention was necessary to oppose that distribution pending the determination of the issues involved in the proceeding in the Probate Court. The application for intervention was granted.

The State then filed its intervening petition alleging that the decree of the federal court, while finding the interests in remainder of certain children of Ehrhardt D. Franz, made no finding as to other children, and that the latter, including the present respondents, although remaindermen, had " prior to the entry of said decree, by diverse acts and by pleadings filed in this cause, extinguished, transferred and assigned their remainder interest to the life tenant, Sophie Franz "; that the stock in question " should have been inventoried " and was subject " to the assessment and collection of inheritance taxes

of the State of Missouri under the terms of the will of Sophie Franz," and that for these taxes the State had a lien upon this stock. The petition prayed that a portion of the stock should be transferred to the registry of the federal court to be held until the Probate Court determined whether the stock should have been inventoried by the executor of the estate of Sophie Franz. The present respondents (with others) answered the petition in intervention denying that the decree of the federal court had been limited as alleged and setting up their rights under the decree as *res judicata*. They asked that the petition be dismissed and that their motions for distribution be sustained.

Shortly before filing this answer the present respondents brought their ancillary and supplemental bill of complaint to enjoin the State of Missouri from " prosecuting further the said citation in the Probate Court " and " from seeking or obtaining any order, decree, or judgment therein " until the further direction of the District Court. The Circuit Court of Appeals, in sustaining the jurisdiction of the District Court to entertain the bill for this purpose, stated that the extent to which that jurisdiction should be exercised was " the protection of the jurisdiction and decrees of the trial court "; that it did not extend to matters not involved in the main litigation. 62 F. (2d) p. 157.

*First.* The first question is whether the State has waived the immunity it now claims. Immunity from suit under the Eleventh Amendment is a personal privilege which may be waived. *Clark* v. *Barnard,* 108 U.S. 436, 447, 448; *Gunter* v. *Atlantic Coast Line R. Co.,* 200 U.S. 273, 284. It may be waived by a voluntary proceeding in intervention (*Clark* v. *Barnard, supra*) and the question is as to the effect of the State's application to intervene in this suit. The Circuit Court of Appeals held that it did not

amount to a waiver, but the respondents press the question in supporting the decree under review.

While the motion of the State was for leave to intervene as " a party defendant," the Circuit Court of Appeals pointed out that by the petition in intervention the State did not seek the determination " of any rights or title," that it expressly pleaded " that such determination will take place in the Probate Court," and that the only relief asked was that the federal court should not distribute the stock from the trustees to the present respondents but should " place it in its registry to abide the result of the determination of the rights of the State by the Probate Court." The Circuit Court of Appeals was of the opinion that the only purpose and result of the intervention would be to retain the stock within Missouri in a place where it could be made to respond to the tax claims of the State if these claims were upheld. In determining the question presented to it on the appeal, the court was not concerned with the propriety of allowing the intervention for that purpose or with its legal classification as *pro interesse suo* or otherwise. As only a " temporary impounding " was sought, which was " in no sense a matter of right, but rather partakes of grace," the court concluded that the intervention was too limited in character to constitute a waiver of the immunity given by the Amendment, if that immunity would otherwise exist. 62 F. (2d) pp. 152, 153. We think that the Circuit Court of Appeals was right.

*Second.* The Eleventh Amendment is an explicit limitation of the judicial power of the United States. " The judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by citizens of another State or by citizens or subjects of any foreign State." However important that power, it cannot extend into the forbidden sphere. Considerations of convenience open no

avenue of escape from the restriction. The " entire judicial power granted by the Constitution does not embrace authority to entertain a suit brought by private parties against a State without consent given." *Ex parte New York*, 256 U.S. 490, 497. Such a suit cannot be entertained upon the ground that the controversy arises under the Constitution or laws of the United States. *Hans* v. *Louisiana*, 134 U.S. 1, 10; *Palmer* v. *Ohio*, 248 U.S. 32, 34; *Duhne* v. *New Jersey*, 251 U.S. 311, 313, 314.

The ancillary and supplemental bill is brought by the respondents directly against the State of Missouri. It is not a proceeding within the principle that suit may be brought against state officers to restrain an attempt to enforce an unconstitutional enactment. That principle is that the exemption of States from suit does not protect their officers from personal liability to those whose rights they have wrongfully invaded. *Tindal* v. *Wesley,* 167 U.S. 204; *Prout* v. *Starr*, 188 U.S. 537, 543; *Gunter* v. *Atlantic Coast Line R. Co., supra; Ex parte Young,* 209 U.S. 123, 150 *et seq.* Here, respondents are proceeding against the State itself to prevent the exercise of its authority to maintain a suit in its own court.

The proceeding by ancillary and supplemental bill to restrain the State from this exercise of authority is unquestionably a " suit." Said Chief Justice Marshall in *Cohens* v. *Virginia,* 6 Wheat. 264, 407, 408: " What is a suit? We understand it to be the prosecution, or pursuit, of some claim, demand, or request. In law language, it is the prosecution of some demand in a Court of justice. . . . To commence a suit is to demand something by the institution of process in a Court of justice; and to prosecute the suit, is, according to the common acceptation of language, to continue that demand. By a suit commenced by an individual against a State, we should understand process sued out by that individual against

the State for the purpose of establishing some claim against it by the judgment of a Court; and the prosecution of that suit is its continuance." The fact that the motive for the adoption of the Eleventh Amendment was to quiet grave apprehensions that were extensively entertained with respect to the prosecution of state debts in the federal courts cannot be regarded, as respondents seem to argue, as restricting the scope of the Amendment to suits to obtain money judgments. The terms of the Amendment, notwithstanding the chief motive for its adoption, were not so limited. Expressly applying to suits in equity as well as at law, the Amendment necessarily embraces demands for the enforcement of equitable rights and the prosecution of equitable remedies when these are asserted and prosecuted by an individual against a State. This conception of the Amendment has had abundant illustration. *Louisiana* v. *Jumel,* 107 U.S. 711, 720; *Hagood* v. *Southern,* 117 U.S. 52, 67; *In re Ayers,* 123 U.S. 443, 497; *Fitts* v. *McGhee,* 172 U.S. 516, 529.

Respondents' bill asserts a right to maintain their interests as remaindermen under the will of Ehrhardt D. Franz with respect to certain shares of stock against an attempt of the State to lay inheritance taxes on these shares as the property of Sophie Franz, the deceased life tenant. In order to enforce this asserted right respondents bring their bill to obtain the equitable remedy of injunction against the State. This is not less a suit against the State because the bill is ancillary and supplemental. The State had not been a party to the litigation which resulted in the decree upon which respondents rely. The State has not come into the suit for the purpose of litigating the rights asserted. Respondents are attempting to subject the State, without its consent, to the court's process.

The question, then, is whether the purpose to protect the jurisdiction of the federal court, and to maintain its

decree against the proceeding of the State in the state court, removes the suit from the application of the Eleventh Amendment. No warrant is found for such a limitation of its terms. The exercise of the judicial power cannot be protected by judicial action which the Constitution specifically provides is beyond the judicial power. Thus, when it appears that a State is an indispensable party to enable a federal court to grant relief sought by private parties, and the State has not consented to be sued the court will refuse to take jurisdiction. *Cunningham* v. *Macon & Brunswick R. Co.,* 109 U.S. 446, 451, 457; *In re Ayers, supra,* p. 489; *Christian* v. *Atlantic & N. C. R. Co.,* 133 U.S. 233, 244; *Stanley* v. *Schwalby,* 147 U.S. 508, 518; *South Carolina* v. *Wesley,* 155 U.S. 542, 545; *Belknap* v. *Schild,* 161 U.S. 10, 20. And if a State, unless it consents, cannot be brought into a suit by original bill, to enable a federal court to acquire jurisdiction, no basis appears for the contention that a State in the absence of consent may be sued by means of an ancillary and supplemental bill in order to enforce a decree.

The fact that a suit in a federal court is *in rem,* or *quasi in rem,* furnishes no ground for the issue of process against a non-consenting State. If the State chooses to come into the court as plaintiff, or to intervene, seeking the enforcement of liens or claims, the State may be permitted to do so, and in that event its rights will receive the same consideration as those of other parties in interest. But when the State does not come in and withholds its consent, the court has no authority to issue process against the State to compel it to subject itself to the court's judgment, whatever the nature of the suit. See *The Siren,* 7 Wall. 152, 154; *The Davis,* 10 Wall. 15, 19; *Georgia* v. *Jesup,* 106 U.S. 458, 462; *Cunningham* v. *Macon & Brunswick R. Co., supra,* p. 452. *Ex parte New York, supra,* pp. 497–500.

We express no opinion upon the question whether the decree of the District Court, entered during the lifetime of Sophie Franz, the life tenant, in this suit to which she, her trustees and the remaindermen were parties, can be regarded as binding upon the State of Missouri with respect to its subsequent claim for inheritance taxes against the shares in controversy as a part of the life tenant's estate. That question is not before us. Whatever may be found to be the effect of this decree in that relation, the result is the same so far as the present question of the right of respondents to bring this bill against the State is concerned. If the State, by reason of the fact that it was not a party to the litigation, is not bound by the decree, it is manifestly free to litigate its claim to the taxes in the proceeding it has instituted in its own court. *United States* v. *Lee,* 106 U.S. 196, 222; *Tindal* v. *Wesley, supra,* p. 223; *McClellan* v. *Carland,* 217 U.S. 268, 282. But if the decree of the federal court can be considered as determining the ownership of the shares so as to bind the State in later tax proceedings upon the death of the life tenant and there is a federal right to have that effect given to the decree, that federal right can be specially set up and claimed in the proceeding in the state court, and, if the right is finally denied, the decision may be the subject of review by this Court in case the appropriate procedure is followed. *Waterman* v. *Canal-Louisiana Bank Co.,* 215 U.S. 33, 46. See *Tilt* v. *Kelsey,* 207 U.S. 43. The contention that the question of ownership of the shares has been finally determined by the federal court affords no ground for the conclusion that the federal court may entertain a suit against the State, without its consent, to prevent the State from seeking to litigate that question in the state court.

The decree of the Circuit Court of Appeals is reversed and the cause is remanded to the District Court with directions to dismiss the ancillary and supplemental bill.

*Reversed.*