### FISKE et al. v. WALLACE.
### No. 11775.

'Circuit Court of Appeals, Eighth Circuit.
Jan. 31, 1941.

Rehearing Denied March 5, 1941.

See also, 8 Cir., 115 F.2d 1003.

G. A. Buder, Jr., and Jesse T. Friday, both of St. Louis, Mo. (Oscar E. Buder, of St. Louis, Mo., and E. J. Doerner, of Tulsa, Okl., on the brief), for appellants.

Lon O. Hocker, of St. Louis, Mo. (James C. Jones, Frank Y. Gladney, and Joseph H. Grand, all of St. Louis, Mo., on the brief), for appellee.

Before STONE, GARDNER, and THOMAS, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from a judgment awarding appellee attorney fees. As the history of the events necessarily included in a statement of facts essential to a proper understanding of the issues is found in Wallace v. Fiske, 8 Cir., 80 F.2d 897, 107 A.L.R. 726, it will not be necessary to encumber the record by again setting them out here. Suffice it to say that in the present proceeding, appellee, on May 10, 1934, filed in the lower court his petition for an allowance of attorney fees against the 6⅔ interests of the Franz estate owned by the appellants herein, for the value of his services while he was acting for and employed by the owner of the remaining 3⅓ interests of the property involved, which services were alleged to have been beneficial to and accepted by the appellants.

The first appeal was from an order holding that the petition of the appellee herein for the assessment of counsel fees against the appellants was not sufficient to support such an allowance. We reversed the order and remanded the case to the lower court for a hearing upon the merits. We there said that the lower court should await the outcome of the case then pending in the probate court of the state as directed by the Supreme Court of the United States, and directed the lower court "to determine at the proper time what fair allowance is due to appellant in the premises." Pursuant to mandate issued on our decision, the lower court heard appellee's petition on the merits and resolved the issues in his favor. The court found:

"(1) That the professional services of the petitioner, rendered over a period of more than five years, beginning in 1923, in the main litigation, resulted in preventing the surrender and in preserving to each of the 6⅔ interests their respective remainder estates under the last will of Ehrhardt D. Franz, deceased;

"(2) That the value of each of those estates at the date of the conclusion of the hearings herein was $624,450.00;

"(3) That independently of Finding No. 1 above, the professional services of the petitioner in preventing the devolution of said remainders as part of the estate of Sophie Franz, deceased, saved to each of said 6⅔ interests in State Inheritance and Federal estate taxes and in administration expenses approximately the sum of $293,-000.00;

"(4) That such tax and administration savings (for each of said 6⅔ interests) were, as also found by the Court of Appeals, directly due to the services of this petitioner; * * *."

The court concluded as a matter of law that the fair and reasonable compensation for the services as respects the 6⅔ interests was the sum of $66,666.66; that the petition should be and "is hereby considered and taken as amended" so as to assert plaintiff's right to compensation as of the time when the tax litigation in the state courts was finally terminated in favor of the 6⅔ interests, and so as to plead the said tax and administration saving rather than the estimated saving on said account.

From the judgment entered, appellants prosecute this appeal, seeking reversal on the following grounds: (1) the application for allowance of fees from appellants is predicated upon the appellate courts of Missouri holding that the decree of May 5, 1927 protected and adjudged the appellants' title to the remainder interest, and since such event has not transpired, the request of appellee should be denied; (2) the appellate court of Missouri held as an original question that the appellants had done nothing to part with their remainder estate and were at all times since the death of their father the owners of their premises; hence, there was no benefit to them in appellee's services; (3) appellee successfully objected to the request of appellants' counsel that the title to their remainder interest be adjudged and quieted in the decree of May 5, 1927, and appellee subsequently made efforts to have appellants' remainder estates judicially declared to be part of the assets of the life tenant, and an allowance to him is inappropriate; (4) the allowance of $66,-666.66 is excessive.

The contention that this court fixed as a condition to the right of recovery of attorney fees that the courts of Missouri first determine that appellants' interests were included in the decree of May 5, 1927, and that appellee's petition is based upon such condition, can not be sustained. There is some language in the petition that might be so construed, but at the close of all the evidence the trial court, as has been observed, ordered that the petition be taken as amended "so as to assert petitioner's right to said compensation as of the time when the tax litigation in the state courts

was finally terminated in favor of the 6⅔ interests." The amendment was proper under Rule 15 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The decision of the Supreme Court of Missouri in In re Franz' Estate, 344 Mo. 510, 127 S.W.2d 401, holds exactly as to those interests as had been determined by the Federal Court as to the other 3⅓ interests. True, the state court reached its result on independent reasoning, but the effect was exactly the same as if it had adopted the 1927 decree as the basis of its opinion, and this court had in mind an outcome or result not antagonistic to the Federal Court decree of May 5, 1927 (affirmed by this court in 1928, Buder v. Franz, 27 F.2d 101).

■ It is contended that appellee has acted adversely to the interests of appellants. Appellee's right of recovery is bottomed on the claim that he rendered legal services beneficial to them and that they have accepted such benefits; that having succeeded in preserving a fund which is brought into the custody of the court for distribution, he is entitled to an allowance for services in so preserving that fund. In Wallace v. Fiske, supra [80 F.2d 908, 107 A.L.R. 726], we said:

"That appellees [appellants here] have accepted the benefits of appellant's services in procuring decrees that have established, or will eventually establish, their title to remainder interests which became vested at the death of Ehrhardt D. Franz in 1898, admits of no dispute. They have sought distribution of their respective shares on this ground; they have challenged the refusal of the District Court to protect their rights under these decrees, by assignments of error in their appeal to this court (Fiske v. State of Missouri [8 Cir.], 62 F.2d 150), and have consistently urged this scope of the federal decrees in the Supreme Court of the United States (State of Missouri v. Fiske, 290 U.S. 18, 54 S.Ct. 18, 78 L.Ed. 145). As stated in brief and argument, they are still defending their rights, thus acquired, in the courts of the state. * * * It is sufficient to point out that they have invoked that decree—not once, but several times. It is the sole basis upon which they have relied in their efforts to escape the burden of taxation with which otherwise they are threatened. And this potential benefit which has accrued to them is directly due to the services of appellant in the Ehrhardt W. Franz suit."

We held there that if the persons among whom the fund will be distributed have been benefitted by the legal services rendered, it is immaterial that some of them may have contested it, and that it is the benefit conferred "and not the fact that all the beneficiaries may have agreed as to what was beneficial, that entitles counsel to compensation." Buford v. Tobacco Growers' Co-op Ass'n, 4 Cir., 42 F.2d 791, 792. The court has found, and it stands without dispute, that the appellants have received and accepted the benefits arising from appellee's services. That being true, his right to compensation became fixed and vested. What he may have done since the rendition of such services can not have the effect of divesting him of this right of compensation. His employment was by Ehrhardt W. Franz, and appellants here opposed his client's interests and took position directly opposite to him. Appellants' attorneys objected to including their interests in the decree of 1927, or to amending their pleadings, and appellee feared that a decree broader than the issues might be subject to later attack. But the decree did adjudicate that all stock dividends belong to the corpus of the Ehrhardt W. Franz estate, and ordered an accounting and discovery of all assets. Thereafter, as we have already said in Wallace v. Fiske, supra, when inheritance tax and other problems were presented, appellants changed their position and accepted the benefits of the services and the theories of appellee. Appellee preserved for them valuable rights in spite of their opposition. He did nothing that has deprived them of those rights. Having been benefitted by appellee's pioneering work, the appellants should bear part of the burden of compensating him therefor.

■ It is finally urged that the award was excessive. The court found that without regard to the value of the property going to appellants, each of said 6⅔ interests was saved in state inheritance and federal estate taxes and administration expenses, approximately $293,000, and this was directly due to the services of appellee. Each estate was valued by the court at $624,450. If petitioner had not succeeded in establishing the rights of the appellants, he would have recovered nothing from them as he had no contract with them. Various elements enter into the matter of fixing attorney fees, and their determination depends largely upon the circumstances of the particular case. The value of the services to the beneficiary where there is

no contract of employment, as here, must be of controlling importance. In re Irving-Austin Bldg. Corp., 7 Cir., 100 F.2d 574. There is abundant evidence to support the findings of the lower court and we certainly can not say that they are clearly erroneous. Rule 52(a). In view of the results secured and the savings effected for the appellants, we are of the view that the fee allowed is not excessive.

The judgment appealed from is therefore affirmed.