Agra B. WILLIAMS, Plaintiff,

v.

AMERICAN SECURITY AND TRUST CO., a corporation, Executor of the Estate of Mary E. Maxwell, deceased,

Protestant Episcopal Theological Seminary, Virginia Military Institute, Hon. Jesse W. Dillon, State Treasurer of the State of Virginia, Defendants.

Civ. A. No. 5307–49.

United States District Court
District of Columbia.

June 20, 1950.

See also D.C., 142 F.Supp. 318.

Protestant Episcopal Theological Seminary and the Virginia Military Institute as residuary legatees, and Jesse W. Dillon, Treasurer of the State of Virginia as the officer designated by the law of Virginia to receive bequests for the Virginia Military Institute.

The said Mary E. Maxwell was a resident of the District of Columbia at the time of her death, and her will was admitted to probate in the District. Her will provides that her residuary estate be divided between the Episcopal Theological Seminary and the Virginia Military Institute. The plaintiff alleges that these residuary legatees by reason of the laws of Virginia are unable to take under the will and hence that the residuum of the estate consisting of personal property located in the District of Columbia passes to her as the niece and sole heir at law of Mary E. Maxwell, deceased.

The matter now before the Court is a motion to dismiss by the Virginia Military Institute on the ground that the action against it is in effect one against the State of Virginia and barred in this Court by the 11th Amendment to the United States Constitution providing:

> "The Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by Citizens of another State * * *."

It is undisputed that the Virginia Military Institute is a state institution and an agency of the commonwealth of Virginia.

The Supreme Court has held that whether a state is the actual party in the sense of the 11th Amendment to the Constitution is determined "by a consideration of the nature of the case as presented on the whole record." In re Ayers, 123 U.S. 443, 492, 8 S.Ct. 164, 176, 31 L.Ed. 216. The question raised by the complaint herein is the power of the State of Virginia, through its agent, the Virginia Military Institute, to accept funds bequeathed to it under a will duly admitted to probate. This Court is

Austin F. Canfield, William T. Hannan, Washington, D. C., for plaintiff.

John E. Larson, Peelle & Nichols, Washington, D. C., for defendants.

MATTHEWS, District Judge.

The plaintiff, Agra B. Williams, of Pennsylvania, brings this action seeking a declaratory judgment that she is entitled to the residuum of the estate of Mary E. Maxwell, deceased, and seeking further to have the Court enter a judgment for her against the executor of said estate in an amount found to be the value of the residuary estate, the defendants being the American Security and Trust Company as executor, the

of the opinion that such an action is a suit against the State of Virginia and is prohibited by the 11th Amendment to the Federal Constitution unless Virginia has waived its immunity from suit. Ford Motor Co. v. Department of Treas., 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389; O'Connor v. Slaker, 8 Cir., 22 F.2d 147; State of Missouri v. Fiske, 290 U.S. 18, 54 S.Ct. 18, 78 L.Ed. 145.

 Virginia has granted to the Virginia Military Institute the power to sue and be sued. But the Court in which such actions may be brought is limited to the Circuit Court of the City of Richmond. Title 8, §§ 38–40, Code of Virginia, 1950. The suability of a state depends upon the terms of the consent as to persons, courts and procedures. Great Northern Life Ins. Co. v. Read, 322 U.S. 47, 53, 64 S.Ct. 873, 88 L.Ed. 1121. The State of Virginia has not consented to be sued in this Court and this action must be dismissed as to the Virginia Military Institute.

Counsel will please present an appropriate order.

See also D.C., 142 F.Supp. 316.