**METCALF & EDDY, INC.**

v.

**TOWN OF GORHAM, NEW HAMPSHIRE, State of New Hampshire Water Supply and Pollution Control Commission United States of America; Environmental Protection Agency.**

No. C82–306–L.

United States District Court, D. New Hampshire.

June 12, 1984.

Eugene M. VanLoan, Wadleigh, Starr, Peters, Dunn & Chiesa Manchester, N.H., for plaintiff.

Jack P. Crisp, Jr., Berlin, N.H., Edward L. Cross, Jr., W. Stephen Thayer, III, U.S. Atty., Concord, N.H., Philip R. Boxell, Jr., EPA Regional Counsel, Boston, Mass., Courtney M. Price, EPA, Carl Strass, Dept. of Justice, Land & Natural Resources Environmental Defense Section, Washington, D.C., for defendants.

### ORDER ON MOTION FOR RECONSIDERATION

LOUGHLIN, District Judge.

By order dated September 23, 1982 this court denied third-party defendant, State of New Hampshire's motion to dismiss which asserted that the defendant Town of Gorham's third-party claim was barred by the Eleventh Amendment to the Federal Constitution. The court reasoned that:

Where the State legislature has found it appropriate to adopt a limited waiver of its sovereign immunity in contract actions and where the doctrine of ancillary jurisdiction grants this court jurisdiction to hear all claims arising from the transaction underlying the initial action before the court, an exercise of jurisdiction of this third-party action is appropriate.

*Metcalf & Eddy, Inc. v. Town of Gorham,* C82–306–L (D.N.H. Sept. 23, 1983) at page

6. The court found that where the third-party plaintiff's action against the third-party defendant was proper under Rule 14 of the Federal Rules of Civil Procedure, the State Legislature had adopted a partial waiver of its sovereign immunity so that this action could have been pursued in State Superior Court. The court had ancillary jurisdiction over the third-party dispute, and the third-party defendant, State, had allegedly agreed to have all claims relative to the plaintiff's action heard in one court thus causing the third-party plaintiff to dismiss its action against the State previously filed in State Superior Court. Judicial economy, convenience to all the parties and the desire to avoid a multiplicity of suits all dictated the court exercise jurisdiction over the entire matter.

Thereafter the third-party defendant moved the court to reconsider its order by motion dated October 19, 1983 which raised substantially the same claims as previously asserted. The third-party plaintiff timely objected and the motion was denied.

The third-party defendant has again moved the court by way of a Second Motion for Reconsideration of Court Order on Third-Party Defendant State of New Hampshire's Motion to Dismiss dated February 29, 1984. The current motion relies upon the Supreme Court's recent decision in *Pennhurst State School and Hospital v. Halderman,* —— U.S. ——, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), and the New Hampshire Supreme Court's decision in *State v. Brosseau,* 124 N.H. 184, 470 A.2d 869 (1983), both of which were decided subsequent to this court's prior order. The third-party plaintiff and the plaintiff have both filed objections, the third-party plaintiff asserting that the third-party defendant's reliance on *Pennhurst, supra* and *Brosseau, supra,* is misplaced particularly in light of the New Hampshire Supreme Court's more recent decision in *City of Berlin v. New Hampshire,* N.H., 474 A.2d 1025 (1984). It follows that reconsideration of the third party defendant's motion is appropriate at this time considering the plethora of recent decisions of relevance.

After careful review of these decisions and other applicable law, the court though reluctantly, must rescind its prior order and grant the third-party defendant's motion to dismiss. This decision is apparently contrary to all notions of judicial economy, convenience, and the overriding desire to avoid a multiplicity of suits and the potential for inconsistent findings inherent in such a multiplicity, but under the most recent cases cited above the court is compelled to so find. The court also notes that the third-party defendant's actions are contrary to an apparent agreement between the third-party plaintiff and defendant to have all claims adjudicated in one forum. Though obviously not a binding waiver of sovereign immunity such actions do appear inequitable. The strict application of the controlling law leaves little relief for the third-party plaintiff but to undergo the burden of reinstating its action in State Superior Court where New Hampshire has adopted a limited waiver of its sovereign immunity in suits sounding in contract. The court's decision is necessarily based on the following analysis of the applicable law.

 The underlying premise of the State's motion to dismiss is that the Eleventh Amendment to the Constitution of the United States bars retrospective actions for damages against an unconsenting state in federal court by its own citizens. This amendment affirms the fundamental principal that sovereign immunity limits the grant of judicial authority in Article III. *Pennhurst State School and Hospital v. Halderman, supra.* The State can, however, take action to waive its immunity and in fact New Hampshire has taken such action by adopting RSA 491:8 which allows suits against the State founded on express or implied contracts in superior court. Such a waiver of immunity in its own courts does not necessarily imply a waiver of Eleventh Amendment immunity in federal court. *Pennhurst State School and Hospital v. Halderman, supra,* —— U.S. at ——, 104 S.Ct. at 907, n. 9. The Supreme Court has stated that a waiver of this con-

stitutional protection should be found only where it is stated "by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1361, 39 L.Ed.2d 662 (1974), quoting *Murray v. Willson Distilling Co.,* 213 U.S. 151, 171, 29 S.Ct. 458, 464, 53 L.Ed. 742 (1909). The New Hampshire Supreme Court likewise follows this "express language" or "overwhelming implication" standard. *State v. Brosseau,* 124 N.H. 184, 191, 470 A.2d 869 (1983), citing *Edelman v. Jordan, supra.* The court is therefore faced with a strict standard for construing an implied waiver of the State's Eleventh Amendment immunity. *State v. Brosseau, supra,* at 191, 470 A.2d 869.

■ In light of this standard, reconsideration of the facts and law here reveals that we are dealing with an express waiver of immunity in state court but necessarily must find an implied waiver in federal court there being no express language waiving it. The court is therefore bound by the "overwhelming implications" theory which after reviewing the statute and relevant matters cannot support the finding of a waiver here. Confined to a strict standard of construing a waiver this court's prior rationale for exercising ancillary jurisdiction over the third-party claims against the third-party defendant State of New Hampshire cannot stand. As the Court stated in *Pennhurst:*

> ... neither pendent jurisdiction *nor any other basis of jurisdiction* may override the Eleventh Amendment. A federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment (emphasis added).

*Pennhurst State School and Hospital v. Halderman, supra* —— U.S. at ——, 104 S.Ct. at 919. The Court in note 31 accompanying the above quote specifically cited *Missouri v. Fiske,* 290 U.S. 18, 27, 54 S.Ct. 18, 21, 78 L.Ed. 145 (1933), which dealt with ancillary jurisdiction, as an example of "any other basis of jurisdiction". Though

the third-party plaintiff has gone to great and commendable efforts to distinguish and define why this decision should not control the action here, under such a Supreme Court dictate, absent some clear implication that the State has waived its Eleventh Amendment immunity, jurisdiction cannot be exercised.

Having so reviewed the claims, it is obvious to the court that the State legislature in adopting RSA 491:8 did not intend to waive its immunity in federal court and that jurisdiction may not be exercised in this court. The third-party plaintiff's reliance on *City of Berlin v. New Hampshire, supra,* though well taken and factually analogous to the underlying action here does not reach the Eleventh Amendment issue. There is little doubt that an action against the State may be commenced in state court but neither the New Hampshire Supreme Court nor the New Hampshire Legislature has seen fit to address the issue of such a waiver of immunity in Federal Court. Though the New Hampshire Supreme Court has repeatedly inferred its disfavor for the doctrine of sovereign immunity, it has left it to the Legislature to change it. Until such action is taken, it is not the option of this court, nor in its power to find that such immunity has been waived. The *Pennhurst* court having definitely stated that no basis of jurisdiction can override the Eleventh Amendment, this court is bound to respect the third-party defendant's claim of immunity.

Likewise the court fails to find any implied intent by the State to waive its immunity by participating in the federal grant program. Mere participation in federal programs does not waive a State's Eleventh Amendment immunity. *Edelman v. Jordan, supra.*

For all of the above reasons the court must find that the State of New Hampshire has not waived its Eleventh Amendment immunity from suit under RSA 491:8. Barring any express or implied waiver, this court lacks jurisdiction to hear the third-party claims raised. The third-party plaintiff's action as to the State of New Hamp-

shire must be dismissed despite the apparent justice which could be rendered by a final decision in one judicial proceeding. The third-party plaintiff is however, left with the opportunity of persuing its claim in State Superior Court.

Third-party defendant, State of New Hampshire's second motion for reconsideration is granted. The prior order of this court is abrogated and the third-party defendant's motion to dismiss is granted.

It is So Ordered.