**Terry Whitman SHOULTES and Executive Art Studio, Inc., d/b/a Velvet Touch Bookstore, Plaintiff,**

v.

**Michael S. SZEKELY, et al., Defendants.**

**No. K86–490 CA4.**

United States District Court, W.D. Michigan.

Feb. 5, 1987.

Brussow & Krause, P.C. by Franklin Richard Brussow, Lansing, Mich., for plaintiffs.

Dietrich, Zody & Walton by Garry L. Walton, Kalamazoo, Mich., for defendants Daniel Wolfe and John Clark.

Cummings, McClory, Davis & Acho by Carol A. Rosati, Livonia, Mich., for defendants Michael Szekely and the Township of Kalamazoo.

Frank J. Kelley, Michigan Atty. Gen. by George H. Weller, Asst. Michigan Atty. Gen., Lansing, Mich., for defendant—8th Judicial Dist. Court.

## MEMORANDUM

BENJAMIN F. GIBSON, District Judge.

Plaintiff filed this action against the 8th Judicial District Court for the State of Michigan, and various other defendants alleging civil rights violations under 42 U.S.C. § 1983. Specifically, the plaintiff alleges that the defendants have conspired to deny his rights under the First, Fifth, Sixth and Fourteenth Amendments in connection with the opening of an adult bookstore in Kalamazoo Township. Plaintiff alleges that the defendants have engaged in various activities, including the failure to provide police protection and the filing of criminal charges under an allegedly unconstitutional statute, in an effort to close the plaintiff's business. Plaintiff further alleges that, in connection with the criminal case, agents of the 8th Judicial District

Court refused to provide him with copies of the arrest warrant which had allegedly been altered. Plaintiff also claims that, in furtherance of the conspiracy, agents of the court refused him a copy of a transcript of proceedings in the criminal case and that a Judge of the Court refused to allow plaintiff's counsel to withdraw in order to substitute counsel with more expertise in the First Amendment area. Now before the Court is defendant the 8th Judicial District Court's motion to dismiss for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2).[1]

■ Defendant asserts Eleventh Amendment immunity as a bar to plaintiff's cause of action under § 1983. One constitutional limitation on the subject-matter jurisdiction of this Court is found in the Eleventh Amendment which provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of Subjects of any Foreign State.

U.S. Const., Amend. XI. By its terms, the Eleventh amendment bars any civil action in federal court against one of the states by citizens of other states, or citizens of other countries, *Missouri v. Fiske*, 290 U.S. 18, 54 S.Ct. 18, 78 L.Ed. 145 (1933), and this constitutional limitation on federal courts jurisdiction has been held to prevent a state from being sued by its own citizens in federal court. *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1980). This prohibition also applied to suits against state agencies and state officials where the real party in interest is the state. *See, Ford Motor Company v. Department of Treasury*, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945).

In this action, plaintiff has sued the 8th Judicial District Court which is an instrumentality of the State, created by state law. *See* M.C.L.A. § 600.8101(1) (creating the Michigan District Court). *See also* M.C.L.A. § 600.8117(1) (dividing the District Court into districts, of which the 8th District is a part). "[I]n absence of consent, a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984). Consequently, as immunity to suit has not been waived in this instance, this court lacks subject matter jurisdiction over any claims for damages against the 8th Judicial District Court.

■ Plaintiff also asserts a claim for injunctive relief against the 8th Judicial District Court. An exception to Eleventh Amendment immunity provides for prospective injunctive relief against state officials whose conduct violates the U.S. Constitution. *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1980). The theory of this case is that the State cannot authorize an unconstitutional act, therefore the officer is "stripped of his official or representative character and [was] subjected in his person to the consequences of his individual conduct." *Id.* at 160, 28 S.Ct. at 454. The *Young* decision, however, did not provide for claims of injunctive relief against the State itself. On the contrary, the Eleventh Amendment bars suit against the state or its agencies regardless of the nature of the relief sought. *Pennhurst*, 465 U.S. at 100, 104 S.Ct. at 907; *See, e.g., Missouri v. Fiske*, 290 U.S. 18, 54 S.Ct. 18, 78 L.Ed. 145 (1933). In this instance, the plaintiff seeks injunctive relief against an instrumentality of the state as opposed to a particular individual, therefore, this claim is also barred by the Eleventh Amendment. *See Abick v. State of Michigan*, 803 F.2d 874, 877 (6th Cir.1986). As this Court lacks subject matter jurisdiction over all claims involving the 8th Judicial District Court, said defendant's motion to dismiss must be granted.

---

1. Having reviewed defendant's motion, the Court is of the opinion that the defense of sovereign immunity implicates the subject matter jurisdiction of the court, therefore this matter will be considered as a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1).