ATLANTIC LEGAL STATES
FOUNDATION,
Plaintiff,

v.

Bruce BABBIT, as Secretary, United States Department of the Interior; The United States Department of the Interior; and the New York State Department of Environmental Conservation, Defendant.

No. 99–CV–1292.

United States District Court,
N.D. New York.

Feb. 8, 2000.

Atlantic States Legal Foundation, Albany, New York, for plaintiff, Carl D. Dworkin, of counsel.

Office of the Attorney General, New York State Dept. of Law, The Capitol, for Defendant New York State, Lawrence A. Rappoport, of counsel.

Hon. Daniel J. French, Albany, New York, United States Attorney for the Northern District of New York, James C. Woods, AUSA, of counsel.

## MEMORANDUM DECISION AND ORDER

MUNSON, Senior District Judge.

Currently before the court is defendant New York State Department of Environmental Conservation's ("NYSDEC") motion to dismiss, which plaintiff opposes, as well as plaintiff's cross-motion to amend, which NYSDEC opposes. For the reasons that follow, the court grants both motions.

## BACKGROUND

Plaintiff, an environmental concern, brings this action to challenge defendant United States Department of Interior's ("USDI") decision to issue a migratory bird depredation permit to NYSDEC. The permit allows the NYSDEC to limit the reproduction of the double-crested cormorant in the eastern basin of Lake Ontar-io. Issued on May 3, 1999 and in effect until February 28, 2000, it authorizes NYSDEC: (1) to spread vegetable oil on unhatched eggs in up to 7,500 nests on Little Galloo Island; and (2) to destroy up to 500 nests with eggs on Gull, Bass and Calf Islands, and shoot up to forty cormorants at ten fish stocking sites. Although the double-crested cormorant, or *Phalacrocorax auritus*, is protected by the Migratory Bird Treaty Act, 16 U.S.C. § 703, *et seq.*, the United States Fish and Wildlife Service ("USFWS") found that these measures would not have any significant environmental effect, which paved the way for the issuance of the permit.

According to NYSDEC, authorities oiled cormorant eggs as permitted on Little Galloo Island from May 6 to July, 8 1999. Plaintiff filed its complaint roughly a month later, alleging that the federal defendants—Bruce Babbitt and USDI—violated the MBTA, National Environmental Policy Act ("NEPA"), 42 U.S.C. § 703, *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 553, *et seq.*, by issuing the depredation permit, and that NYSDEC violated the New York Environmental Conservation Law ("ECL") by seeking the permit. Plaintiff seeks injunctive relief, including an Order nullifying and declaring invalid the depredation permit.

At issue now is simply whether or not NYSDEC is a proper defendant in this lawsuit. It claims that as a complaint against it is a complaint against the state, it is entitled to sovereign immunity pursuant to the Eleventh Amendment and cannot be a defendant in this suit. Plaintiff disagrees and contends that the Constitution's Supremacy Clause overrides the Eleventh Amendment's limitations on federal court jurisdiction. The court addresses these arguments *seriatim*.

## DISCUSSION

### I. Rule 12(b)(1)

 In considering a motion to dismiss for lack of subject matter jurisdiction,

a court must accept as true all material factual allegations in the complaint and refrain from drawing inferences in favor of the party contesting jurisdiction. *See Atlantic Mut. Ins. Co. v. Balfour Maclaine Intern. Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992). On a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the court may consider matters outside the pleadings, such as affidavits, documents, and testimony. *See, e.g., Antares Aircraft v. Fed. Republic of Nigeria*, 948 F.2d 90, 96 (2d Cir.1991); *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986). Thus, the standard used to evaluate a Rule 12(b)(1) claim is similar to that for summary judgment under Federal Rule of Civil Procedure 56. *See Kamen*, 791 F.2d at 1011. The plaintiff has the ultimate burden of proving the court's jurisdiction by a preponderance of the evidence. *See Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir.1996); *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 762 (2d Cir.1983); *see also Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.1991) (when subject matter jurisdiction is challenged under Rule 12, plaintiff must bear burden of persuasion).

## II. Sovereign Immunity

It is well-settled that the Eleventh Amendment of the United States Constitution expressly prohibits citizens from suing the States in federal court subject to a few exceptions.[1] *See Alden v. Maine*, 527 U.S. 706, 119 S.Ct. 2240, 2266–68, 144 L.Ed.2d 636 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). A state, however, may waive its immunity, or Congress may abrogate the immunity without state con-

sent if it acts pursuant to a valid exercise of constitutional power sufficient to abrogate the immunity and it unequivocally expresses its intent to do so. *See Seminole Tribe*, 517 U.S. at 55, 116 S.Ct. at 1114 (holding Congress may act under authority of § 5 of Fourteenth Amendment to abrogate state's Eleventh Amendment immunity because Fourteenth Amendment was adopted well after Eleventh Amendment and ratification of Constitution and was "designed to expand federal power at the expense of state autonomy"); *see also College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999).

■ Sovereign immunity applies to state agencies and departments, as well as the state itself. *See Welch v. Texas Dept. of Highways and Public Transportation*, 483 U.S. 468, 480, 107 S.Ct. 2941, 2949–2950, 97 L.Ed.2d 389 (1987) (plurality opinion). NYSDEC is a department of the State of New York that the state legislature created to implement the State's environmental policies, *see* N.Y.Envtl.Conserv.Law § 1–0101 (McKinney 1999), therefore a suit against it is a suit against the state. In short, NYSDEC is entitled to sovereign immunity unless an exception applies.

■ Here NYSDEC insists no exception applies. Positing that plaintiff's claims against it are premised solely on state law—namely that NYSDEC lacked authority under the ECL to apply for the depredation permit, NYSDEC contends that under *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), it cannot be haled into federal court. *Pennhurst*, of course, holds that absent waiver, the Elev-

---

**1.** As the Supreme Court recently noted in *Alden*, the phrase "Eleventh Amendment immunity" is "convenient shorthand[,] but something of a misnomer," for:

> [t]he Eleventh Amendment confirmed rather than established sovereign immunity as a constitutional principle; it follows that the scope of the States' immunity from suit

is demarcated not by the text of the Amendment alone but by fundamental postulates implicit in the constitutional design.

*Id.*, 527 U.S. at ——, 119 S.Ct. at 2246, 2254. Thus, when the court refers to "Eleventh Amendment immunity," it refers to the state's organic sovereign immunity.

enth Amendment also bars suit against state defendants for violations of state law—even if supplemental or pendent jurisdiction exists. *See Id.,* 465 U.S. at 121, 104 S.Ct. at 919. NYSDEC argues it has not waived its sovereign immunity either expressly or implicitly by applying for the depredation permit, and accordingly seeks dismissal from this suit.

■ Plaintiff responds that in addition to its state claim against NYSDEC, its alleges all defendants—including NYSDEC—violated the MBTA. Arguing that the Supreme Court held in *State of Missouri v. Holland,* 252 U.S. 416, 40 S.Ct. 382, 64 L.Ed. 641 (1920) that the MBTA is a treaty, plaintiff submits that pursuant to the Supremacy Clause of the Constitution it is "the supreme Law of the Land." [2] U.S. CONST. art. VI, cl. 2. As the supreme law of the land, plaintiff continues, the MBTA overrides NYSDEC's Eleventh Amendment immunity. As evidence that the MBTA is to be held in such esteem, plaintiff notes that the enabling provisions of the ECL concede absolute control of the regulation of species protected by the MBTA to the federal government. *See, e.g.,* N.Y.Envtl.Conserv.Law § 11–0307 (McKinney 1999) ("The department shall adopt rules and regulations in relation to migratory game birds consistent with federal regulations made under authority of the Migratory Bird Treaty Act of July 3, 1918 ... as presently constituted or as hereafter amended"). Additionally, plaintiff contends that the motivation for sovereign immunity is to protect state's treasuries, whereas its suit seeks injunctive, not monetary, relief. Finally, plaintiff reminds the court that sovereign immunity is not available where a state representative's actions were *ultra vires* to state law. *See Pennhurst,* 465 U.S. at 101 n. 11, 104 S.Ct. at 908 n. 11; *Florida Department of State v. Treasure Salvors, Inc.,* 458 U.S. 670,

696–97, 102 S.Ct. 3304, 3320–21, 73 L.Ed.2d 1057 (1982) (plurality opinion).

When the Supreme Court recently revisited the issue of state sovereign immunity in *Alden,* it reasoned:

> When a State asserts its immunity to suit, the question is not the primacy of federal law but the implementation of the law in a manner consistent with the constitutional sovereignty of the States.... [N]either the Supremacy Clause nor the enumerated powers of Congress confer authority to abrogate the States' immunity from suit in federal court.

*Id.,* 527 U.S. at ——, 119 S.Ct. at 2255–56. Indeed, the Supreme Court even noted that "Congress' refusal to modify the text of the Eleventh Amendment to create an exception to sovereign immunity *for cases arising under treaties* ... suggests the States' sovereign immunity was understood to extend beyond state-law causes of action." *Id.,* 527 U.S. at ——, 119 S.Ct. at 2257 (emphasis supplied). In light of *Alden* and its progeny, clearly plaintiffs' Supremacy Clause argument is unavailing.

■ As to plaintiff's point that the state in enabling the ECL conceded control of regulating species protected under the MBTA to the federal government, it is of no import, for ultimately the state could not do otherwise. Although it enjoys sovereign immunity from private suits, it is well-settled that the Eleventh Amendment does not preclude the federal government from bringing suit against states or their officers in federal court to ensure compliance with federal law. *See Seminole Tribe,* 517 U.S. at 71 n. 14, 116 S.Ct. at 1114; *United States v. Texas,* 143 U.S. 621, 644–45, 12 S.Ct. 488, 36 L.Ed. 285 (1892). If the state had enacted the ECL so that it entreated into or usurped the

---

**2.** In full, the Supremacy Clause reads:

This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of

the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

federal government's domain as defined by the MBTA, surely the federal government could file suit against the state to gain redress.

Plaintiff's argument that it seeks equity rather than monetary damages is equally unpersuasive. The Supreme Court holds that the sovereign immunity bar applies perforce to monetary and equitable claims alike. *See Pennhurst*, 465 U.S. at 100–01, 104 S.Ct. at 906–07 (*citing Missouri v. Fiske*, 290 U.S. 18, 27, 54 S.Ct. 18, 21, 78 L.Ed. 145 (1933) ("Expressly applying to suits in equity as well as at law, the Amendment necessarily embraces demands for the enforcement of equitable rights and the prosecution of equitable remedies when these are asserted and prosecuted by an individual against a State")). NYSDEC's motion to dismiss is granted.

## III. Commissioner Cahill and Plaintiff's Motion to Amend

Plaintiff's *ultra vires* argument, however, does have merit. Even the *Alden* court acknowledged that "sovereign immunity does not bar all judicial review of state compliance with the Constitution and valid federal law." In addition to the exceptions noted, *supra*, the Supreme Court recognizes that sovereign immunity does not bar certain actions for injunctive or declaratory or relief against state officers; and even a suit for money damages may be prosecuted against a state officer in his individual capacity for unconstitutional or wrongful conduct attributable to the officer, so long as relief is sought from the officer personally and not from the state treasury. *Id.*, 527 U.S. at ——, 119 S.Ct. at 2267–68; *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Simply put, "certain suits for declaratory or injunctive relief against state officers must therefore be permitted if the Constitution is to remain the supreme law of the

land." *Alden*, 527 U.S. at ——, 119 S.Ct. at 2263 (construing *Ex parte Young* ).

When plaintiff filed its suit, it did not name any state officer as a defendant; indeed, claiming it was an oversight not to name him as a defendant, plaintiff now seeks permission from the court to amend its complaint and add John C. Cahill, Commissioner of NYSDEC, as a defendant. The state objects to plaintiff's motion. It reasons: "Since DEC cannot be haled into Federal court by virtue of the State's sovereign immunity, the Court lacks subject-matter jurisdiction at this juncture to add or substitute Commissioner Cahill, acting in his official capacity, as the State defendant in order to obtain such jurisdiction." NYSDEC's Reply Mem. at 4. NYSDEC is wrong. If the *Ex Parte Young* doctrine applies, Commissioner Cahill, as a state officer, would not enjoy sovereign immunity against plaintiff's instant claim for prospective relief. *See Alden*, 527 U.S. at ——, 119 S.Ct. at 2267–68; *cf. Dube v. State University of New York*, 900 F.2d 587, 595 (2d Cir.1990) ("[A] state official may be sued in a federal forum to enjoin conduct that violates the federal Constitution, notwithstanding the Eleventh Amendment bar"); *see also Kostok v. Thomas*, 105 F.3d 65, 68 (2d Cir.1997) (If act by state violates Constitution *or federal law*, then enforcing state actor loses official immunity).

Aside from the acts of state officials that are *ultra vires* under state law itself, *see Pennhurst*, 465 U.S. at 101–102, n. 11, 104 S.Ct. at 908–909, n. 11, there generally are two instances where the *Ex Parte Young* exception has been applied: (1) where there is no state forum available to hear plaintiff's claim; or (2) where an interpretation of federal law is required. *See Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 270–274, 117 S.Ct. 2028, 2034–2038, 138 L.Ed.2d 438 (1997). Clearly an interpretation of federal law—the MBTA—is at issue

here; moreover, "where prospective relief is sought against individual state officers in a federal forum based on a federal right, the Eleventh Amendment, in most cases, is not a bar." *Id.,* 521 U.S. at 277, 117 S.Ct. at 2038 (*citing Willcox v. Consolidated Gas Co.,* 212 U.S. 19, 40, 29 S.Ct. 192, 195, 53 L.Ed. 382 (1909)).

 Absent an "apparent or declared reason—such as undue delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," leave to amend a complaint should be " 'freely given.' " *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 229, 9 L.Ed.2d 222 (1962) (*quoting* Fed.R.Civ.P. 15(a)). None of these factors appear applicable here. Accordingly, the court grants plaintiff's motion to amend its complaint to allow it to name Commissioner Cahill as a defendant in his official capacity.

## CONCLUSION

Wherefore, based upon the foregoing, it is hereby **ORDERED** that .defendant NYSDEC's motion to dismiss is **GRANTED;** and it is further **ORDERED** that plaintiff's motion to amend its complaint to name Commissioner Cahill as a defendant in his official capacity is **GRANTED.**

**IT IS SO ORDERED.**