

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-30-2002

# In Re: Vegliante

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3972

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"In Re: Vegliante " (2002). *2002 Decisions*. Paper 463.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/463

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-3972

In Re:

      Rudolph Vegliante, Jr.
               Debtor

      Rudolph Vegliante, Jr.,
               Appellant

v.

STATE OF NEW JERSEY, DEPARTMENT
OF TREASURY, DIVISION OF TAXATION

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 01-cv-00788)
District Judge:  Honorable James M. Munley

Argued June 27, 2002

Before: AMBRO and STAPLETON, <u>Circuit Judges</u>
O'NEILL*,  <u>District Judge</u>

(Filed:   July 30, 2002 )

---

     * Honorable Thomas N. O'Neill, Senior United States District Court Judge for the
Eastern District of Pennsylvania, sitting by designation.

Brett J. Riegel, Esquire (Argued)

Amori & Riegel
717 Sarah Street
Stroudsburg, PA   18360
          *Attorney for Appellant*

David Samson
Attorney General of New Jersey
Patrick DeAlmeida
Deputy Attorney General of Counsel
Tracey E. Richardson (Argued)
Deputy Attorney General on the Brief
Office of Attorney General of New Jersey
Department of Treasury, Division of Taxation
25 Market Street, P.O. Box 106
Trenton, NJ   08625
          *Attorneys for Appellee*

Transcribed by:  Geraldine C. Laws, CET

(Proceedings recorded by electronic sound recording;
transcript prepared by AAERT-certified transcriber.)

(The following bench opinion was delivered in open  court:)

## BENCH OPINION

AMBRO, Circuit Judge

(The following bench opinion was delivered in open court:)

THE HONORABLE JUDGE AMBRO:  The Supreme Court stated in

Seminole Tribe of Florida v. Florida, 517 U.S. 44, 72-73 (1996), that "the 11th Amendment

restricts the judicial power under Article III, and Article I cannot be used to circumvent the

constitutional limitations placed upon federal jurisdiction."  In In Re: Sacred Heart Hospital

of Norristown, 133 F.3d 237 (3d Cir. 1998), we observed that "since Seminole Tribe, Section 5 of the 14th Amendment has been the sole basis for Congress to abrogate the States' immunity under the 11th Amendment." Id. at 242 (quoting College Savings Bank v. Florida Prepaid Post-Secondary Education Expense Board, 131 F.3d 353, 358 (3d Cir.1997)). We held in Sacred Heart that the bankruptcy clause is not a valid source of abrogation power. Sacred Heart, 133 F.3d at 243.

In this case, Vegliante asks us to allow him to pursue an adversary proceeding in bankruptcy against the State of New Jersey. The adversary proceeding at issue is plainly a suit within the meaning of the 11th Amendment. Missouri v. Fiske, 290 U.S. 18, 26 (1993) (quoting Cullens v. Virginia, 19 U.S. 264 (1821)). The State of New Jersey received a summons requiring it to appear in court or face a default judgment against it. That qualifies as a suit. See id.

Vegliante seeks to prosecute a suit against the State of New Jersey without its consent. We cannot oblige that request in light of Sacred Heart's ruling on state sovereign immunity. Therefore, the District Court's order is affirmed.

_____

TO THE CLERK:

Please file the foregoing Bench Opinion.

By the Court,

 /s/ Thomas L. Ambro 
Circuit Judge