11-4536-cv
Omid Nodoushani v. Southern Connecticut State University

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15ᵗʰ day of January, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                            <u>Chief Judge</u>,
            JON O. NEWMAN,
            REENA RAGGI,
                            <u>Circuit Judges</u>.
_____

OMID NODOUSHANI,

            <u>Plaintiff-Appellant</u>,

        v.                                11-4536-cv

SOUTHERN CONNECTICUT STATE
UNIVERSITY,

            <u>Defendant-Appellee</u>.
_____

FOR APPELLANT:                William S. Palmieri,
                              New Haven, Connecticut.

**FOR APPELLEE:**                    Maria C. Rodriguez, Assistant Attorney General, Hartford, Connecticut.

Appeal from an order of the United States District Court for the District of Connecticut (Thompson, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **VACATED AND REMANDED IN PART AND AFFIRMED IN PART**.

Omid Nodoushani ("Nodoushani") appeals from judgment entered on September 30, 2011 in the United States District Court for the District of Connecticut (Thompson, <u>J.</u>) granting summary judgment in favor of Defendant, Southern Connecticut State University ("The University"), on Nodoushani's claims of: (1) employment discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e <u>et</u> <u>seq.</u> ("Title VII") and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60(a) <u>et</u> <u>seq.</u> ("CFEPA"); and (2) intentional infliction of emotional distress ("IIED"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review <u>de novo</u> a district court's decision to grant summary judgment. <u>Mario v. P&C Food Mkts., Inc.</u>, 313 F.3d 758, 763 (2d Cir. 2002).

1. "The Judicial *power* of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against any one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI (emphasis added). "'Jurisdiction properly refers to a court's *power* to hear a case.'" <u>Reed Elsevier, Inc. v. Muchnick</u>, 130 S. Ct. 1237, 1246 n.5 (2010) (emphasis added) (quoting <u>United States v. Cotton</u>, 535 U.S. 625, 630 (2002)). Given that explicit limitation on judicial power, <u>see</u> <u>Missouri v. Fisk</u>, 290 U.S. 18, 25 (1933), the district court correctly ruled that Nodoushani's state claims are barred by the Eleventh Amendment. However, those claims should have been dismissed without prejudice in accordance with Fed. R. Civ. P. 41(b) because the district court lacked subject matter jurisdiction.

2.  The district court did not err in striking part of Nodoushani's Local Rule 56(a)(3) statement.  District courts have leeway on motions to strike in the context of summary judgment motions.  While a court is obliged not to consider inadmissible evidence at the summary judgment stage, "[t]o the extent that an affidavit or declaration contains material that does not comply with [Federal Rule of Civil Procedure] 56(e), the [c]ourt may strike those portions, or may simply disregard them." Rus, Inc. v. Bay Indus., Inc., 322 F. Supp. 2d 302, 307 (S.D.N.Y. 2003); see also United States v. Alessi, 599 F.2d 513, 514-15 (2d Cir. 1979) (holding that the district court may strike inadmissible portions of affidavits).

3.  We affirm the district court's decision with regard to Nodoushani's Title VII claims for the reasons stated in the district court's thorough opinion.

Finding no merit in Nodoushani's remaining arguments, we hereby **AFFIRM** the judgment with respect to Nodoushani's Title VII claims and **VACATE** the judgment of the district court as to the state claims and **REMAND** for the district court to enter an order dismissing them for lack of federal subject matter jurisdiction without prejudice to such remedies as may be available in state court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3